## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### MARCH TERM, 1902.

---

CHARLES R. MYERS, complainant and respondent,

*v.*

ELIZA J. METZGER et al., defendants and appellants.

[Filed June 17th, 1902.]

1. An agreement is signed by A and B as executors of C, and following such signatures it is signed by the heirs of the testator, providing, *first*, "that we, the executors, agree to do a certain act," and *secondly*, that "we will do a certain other act."—*Held*, that the executors alone are bound by the agreement to do the first act.

2. Uncertainty in an agreement is fatal to a claim for specific performance.

---

On appeal from a decree advised by Vice-Chancellor Grey, whose opinion is reported in *16 Dick. Ch. Rep. 522.*

779

*Mr. Allen B. Endicott* and *Mr. Richard V. Lindabury,* for the appellants.

*Mr. Clarence L. Cole* and *Mr. David J. Pancoast,* for the respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

The complainant is the assignee of the rights acquired by Mrs. Ellen E. Wright, under the following agreement, and has filed his bill to compel specific performance by the defendants of that part of the contract which gives Mrs. Wright, her heirs or assigns, the option of buying the land, at a fair market price, before they sell to any other person.

The agreement is as follows:

"Whereas, Mrs. Ellen E. Wright has recently purchased from the executors of Emanuel Metzger, deceased, a tract of land fronting five hundred feet on the easterly side of New Jersey avenue, in Atlantic City, Atlantic county, State of New Jersey, for the sum of fourteen thousand dollars. In consideration of said purchase we, the executors of the said Emanuel Metzger, do hereby agree with the said Ellen Wright, her heirs and assigns, that we will not sell any portion of the ground oceanward from the above-mentioned tract without first notifying Mrs. Wright, her heirs or assigns, of our intention, and giving them the privilege of buying the ground at a fair market price. Also, that we will not build, or allow to be built, any building whatsoever upon said ground while under our control or held as part of the estate of said Emanuel Metzger.

       "MARTHA M. METZGER,
       "JOHN HUNTER,
"December 9, 1884.        *Executors.*
       "EMMA C. METZGER,
       "MARY A. GOULD,
       "ELIZA J. METZGER,
       "KATE C. METZGER,
       "MARTHA M. METZGER, JR."
"JESSE N. ROOKE,
"V. E. ARCHIBALD, JR."

The language of this agreement is expressly that

"we, the executors of Emanuel Metzger, agree with Ellen Wright, her heirs and assigns, that we will not sell any portion of the ground oceanward without first notifying her, her heirs or assigns, and giving them the privilege of buying at a fair price,"

and it is signed by the executors as executors. There is no rule of construction which will permit any other term to be added to this agreement. The language so far being free from ambiguity, there is no place for construction to vary the terms of the writing. The executors alone agreed to that part of the agreement, and it cannot be extended, by interpretation, to include other parties. It is immaterial whether, in fact, the executors had any title to the premises referred to in the contract.

Mrs. Wright manifestly dealt with them under the impression that they had the power to convey, and, under her agreement, she acquired such right only as her contract gives her, which was the obligation of the executors to give the option to purchase.

By the stipulation of the parties in the case it appears that Emanuel Metzger devised these lands to his said executors, in trust for his widow, Martha M. Metzger, during her lifetime, and at her death devised the same to his children.

At the time of the making of the agreement the executors had an estate *per autre vie* in the lands; the other parties who signed the agreement had a vested remainder.

To pass title to the fee it was necessary for all these parties to join in the conveyance.

The executors' obligation is not to sell during the continuance of their estate without giving Mrs. Wright the refusal of the property, and if an implied promise binding upon the children can be found in the writing, it is no more comprehensive than the promise of the executors not to sell during the continuance of the estate *per autre vie*.

The second term of the agreement:

"Also, that we will not build, or allow to be built, any building whatsoever upon said ground while under our control or held as part of the estate of said Emanuel Metzger,"

is an obligation not restricted by its language to the executors of Metzger; the words "the executors of Emanuel Metzger," following the word "we" in the first member of the agreement, are omitted in the second member, and therefore the latter clause binds all persons who signed the contract. It is not permissible

to say that difference in the language used by the parties was not intentional.

This gives effect to every part of the agreement, and it is not, therefore, admissible to resort to interpretation to impose a duty upon the defendants not found in its terms.

But conceding that this is not the clear legal purport of the contract, it cannot be said that it is plain that the children have engaged not to sell after the expiration of the trust.

If it is a doubtful question, specific performance will not be decreed; uncertainty in the contract is fatal to a claim for specific performance. *McKibbin* v. *Brown, 1 McCart. 13; Potter* v. *Hollister, 18 Stew. Eq. 508; Brown* v. *Brown, 6 Stew. Eq. 650.*

Under the contract, as construed by the complainant, the defendants are not constrained to sell whenever Mrs. Wright or her assigns desire to buy. Their right to purchase arises only when the defendants have offered to sell, or done some equivalent act.

The fact that judicial proceedings were taken by the children of the said testator to procure a partition of these lands among themselves does not charge them with an attempt, or an intention, to sell, nor can such an intention be fairly drawn from the fact that sale was ordered by the court, by reason of inability to make an actual partition, and that thereupon Eliza Metzger, one of the defendants, became the purchaser.

I suppose it would not be contended that if one only of the heirs had conveyed her share to the others, the contingency would have arisen which entitled the complainant to demand a conveyance.

The case does not seem to be different where one of the heirs, to protect her interest, buys in the other shares and desires to hold the property subject to the agreement.

The right of the complainant to a conveyance does not attach so long as the entire title remains in one or more of the heirs.

The decree should be reversed.

*For reversal*—The Chief-Justice, Van Syckel, Dixon, Garrison, Collins, Fort, Hendrickson, Pitney, Krueger, Vredenburgh, Voorhees—11.

*For affirmance*—Garretson, Bogert, Adams, Vroom—4.