NEPTUNE FISHERIES COMPANY, complainant-respondent,

*v.*

CAPE MAY REAL ESTATE COMPANY, defendant-appellant.

[Submitted July 8th, 1918.  Decided November 18th, 1918.]

1. Equity will not decree the specific performance of a contract unless its terms are certain and defined.

2. Nor will it decree performance with compensation for partial compliance, where the bill does not ask it, or aver that complainant consents to accept it.

3. Where the decree rests upon bill and answer, the prayer being limited to general relief, it not appearing that complainant desires partial compliance of the contract with compensation, a decree for partial performance with compensation cannot be sustained.

4. A contract induced by fraudulent representations as to the value of capital stock to be taken in payment for lands to be conveyed, and improvements to be made on it, will not be enforced in equity.

5. At a hearing on bill and answer the facts set up in defence must be taken as true.

On appeal from a decree in chancery advised by Vice-Chancellor Backes.

*Mr. James S. Gradwell* and *Mr. Norman Grey*, for the complainant-respondent.

*Mr. Joseph H. Gaskill*, for the defendant-appellant.

The opinion of the court was delivered by

BERGEN, J.

This is a bill for the specific performance of an agreement by defendant to convey land to complainant, and is based upon an optional contract to become executed if accepted by complainant within five months of its date. The case was determined in favor of the complainant on bill and answer, the vice-chancellor who

advised the decree not filing any conclusions either of fact or law.

The bill of complaint charges that the optional contract was dated February 25th, 1914, and accepted by complainant in June following, and as this is admitted by the answer, the completion of the contract is established. Only parts of the contract are necessary to be considered in determining this appeal and may be summarized as follows:

The defendant agreed to convey a good marketable title free of encumbrances; to erect a substantial bank or bulkhead sufficiently strong and permanent to hold in place the material to be filled in, and to fill in the whole of the property, its entire width and depth, "to a grade corresponding to the grade of the city of Cape May," not less than nine feet above mean low water, and also grant a perpetual easement over other lands of defendant to connect at any time the property to be conveyed with the nearest point of permanency of the tracks of the Reading Railway Company. What the court adjudged is that the defendant must convey by a deed containing a covenant of warranty, and that upon the report of a master, to whom the matter was referred, ascertaining the cost of erecting a bank or bulkhead, and the grading of the entire property, as provided in the agreement, such cost should be deducted from the consideration price, and upon the tender of the residue, in the stock of complainant company at $10 per share, the defendant should execute the deed to the complainant containing the above provisions.

That the decree is erroneous in requiring a deed with a covenant of warranty not contracted for, needs no discussion, and for this reason alone the decree will have to be reversed. In addition to this the character of the bank or bulkhead is not sufficiently described in the contract or pleadings, to justify its specific performance. Is it to be an earthen bank or a bulkhead built of wood or stone, and what will be sufficiently strong and permanent for the required purpose? Granting, but not conceding, that the court could award compensation for a failure to put up the bulkhead, of what character of structure should the cost be ascertained, for on this the contract is silent, and a court of equity will never enforce the execution of a contract unless it be certain

and defined. *McKibbin* v. *Brown,. 14 N. J. Eq. 13.* This decree adjudges that the defendant was required by the contract to build a bulkhead, otherwise there could be no reduction in consideration as decreed, and it is left to the master to ascertain the cost of a structure not definitely provided for in the contract which, in effect, is the making of a contract for the parties, to which they have not definitely agreed, and this the court should not do.

The contract also provides, and the decree adjudges, that the complainant shall have the right to connect with the Reading railway, and for that purpose shall have a perpetual easement over the land of defendant necessary for that purpose Where the easement is to be located is not described in the contract, and that must of necessity be a matter of future negotiation by the parties. Specific performance will not be decreed if any of the conditions of the sale remain to be agreed upon by the parties. "If the matter still rests in treaty, or if the agreement, in any material be uncertain or undefined, equity will not interfere." *Domestic Tel. Co.* v. *Metropolitan Tel. Co., 89 N. J. Eq. 160.*

There is another objection to the decree, which is founded alone upon the pleadings, no proofs having been introduced. The contract declares the consideration to be one thousand shares of the complainant company at the par value of $10 each, and the answer of the defendant charges that it was induced to enter into the contract by the statement of the complainant, or someone in its behalf, that sixty per cent. of its capital stock had been subscribed for, or more than sufficient to put up buildings and machinery on the land, to cost $60,000, which was false and untrue. The complainant joined issue on the answer. There can be no doubt that such a representation, if untrue, would injuriously affect the value of the consideration to be paid, for it would leave the stock with little, if any, value, the only asset of the company being what defendant contributed, and amounted to a failure, at least in part, of the consideration. "If it (the contract) has been procured by any sort of fraud or falsehood, or its enforcement will be attended with great hardship or manifest injustice, the court will refuse its aid." *Plummer* v. *Keppler, 26 N. J. Eq. 481.* That to compel this vendor to accept

stock, the value of which was intentionally misrepresented, would work a manifest injustice, cannot well be denied, for it would be required to part with its property for $10,000, payable in worthless stock, except as to the value imparted by the land it conveyed.

In the present case the false representation was charged in the answer, and where the decree is based on bill and answer, the facts set up as a defence in the answer must be taken as true. *Gaskill* v. *Sine, 13 N. J. Eq. 130,* and other cases to be found in section 262 *N. J. Dig. Ann.* under title "Equity."

In this case we have a contract to convey land; to fill it in to a depth of nine feet; to build a bulkhead and to grant an easement over other lands of vendor to be used to connect with a railroad, at any time, which the complainant asks, may be specifically performed, although the prayer is for general relief only. On this alone is based a decree to convey the land and easement with a deduction from the contract price of an amount which the court shall fix to be the cost of filling in and building the bulkhead. There is no averment in the bill or contract sufficiently describing the location of the easement, and on this the minds of the parties have not met. Nor any description of the character of the required bulkhead, for, although the contract refers to a blue-print of it, that does not appear in the record, nor was any proof made of it.

This contract is entirely too indefinite, in our opinion, to require that it should be specifically performed. If we should assume that the decree, in awarding performance and allowing a deduction for the cost of the improvement contracted for, was for specific performance with compensation, even then it could not be maintained, because no such decree is prayed for in the bill of complaint, the prayer being for general relief without any averment in the bill that complainant would accept part performance with compensation.

No decree for partial performance with compensation can rest upon such a prayer, nor without complainant's consent to accept with compensation. Besides this there is nothing in the bill or answer which makes it possible for the court to say to what extent the price should be reduced, it being incapable of computation from facts disclosed, and in such case specific performance

with compensation will not be decreed. *Milmoe* v. *Murphy, 65 N. J. Eq. 767; 56 Atl. Rep. 292.*

Finally, the decree compels defendant to accept in payment stock agreed to be taken through a misrepresentation of its value. This is inequitable. The specific enforcement of contracts rests in the sound discretion of the court, which is chiefly concerned with the equities of the parties in the particular case under consideration. *Page* v. *Martin, 46 N. J. Eq. 585.* We think the equities in this case are against the complainant for the reasons given, and the decree appealed from will be reversed and complainant's bill dismissed, with costs in both courts.

Reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner—13.