This is a suit for specific performance. The facts as stipulated by counsel are:
1. On December 24th, 1924, Patrick Sweeney agreed in writing to sell to the complainant a lot of land fifty feet by one hundred feet on the easterly side of Ridgewood road, Maplewood, for the sum of two thousand dollars ($2,000).
2. The agreement contained this provision: "It is understood that the said David L. Heller will apply, with the consent of the said Patrick Sweeney, for a building permit for the construction of stores on said lot of land, and, if necessary, will take court proceedings for the securing of said permit, such procedings to be at the expense of the said Heller. In the event that he is unsuccessful in securing said building permit either by application or court proceedings, the said deposit of $200 will be returned by the said Sweeney to the said Heller. The said title will close upon ten days' notice after the securing of said building permit, or the final refusal thereof by the court."
3. The said agreement was recorded on July 24th, 1925, in book Q 72 of deeds for Essex county, on page 340.
4. Application was made to the building inspector of the township of Maplewood on February 16th, 1925, for a permit, which application was denied. In the month of April, *Page 152 
1925, proceedings were commenced in the New Jersey supreme court to procure a writ of mandamus requiring the building inspector of Maplewood to issue the permit applied for. This resulted in the issuance of an alternative writ of mandamus from the supreme court, dated on the 9th day of May, 1925, and returnable at Trenton on the 25th day of May, 1925. The matter was contested by the township of Maplewood and the case was argued before the supreme court.
5. On May 11th, 1926, an opinion was handed down by the supreme court granting the writ of mandamus.
6. On the 17th day of May, 1926, an order for the peremptory writ was issued, and on the 18th day of May, 1926, the peremptory writ itself was issued.
7. Thereupon, notice was given to Patrick Sweeney that the complainant having been successful in procuring the building permit, he was ready to take the property at any time fixed by the defendant Patrick Sweeney.
8. Subsequent to the making of the agreement with complainant, and prior to the issuance of the peremptory writ of mandamus by the supreme court, a deed was made by said Patrick Sweeney to the other defendant, National Engineering Company, bearing date March 11th, 1926, recorded in the office of the register of Essex county.
9. In addition to the constructive notice afforded by the record of the original contract, the National Engineering Company was actually informed of the existence of the contract between the complainant and the said Sweeney.
10. Defendant National Engineering Company is a purchaser for value, having paid the entire consideration prior to the filing of the bill in this action, and before the issuance of the writ in the supreme court action.
11. Defendant National Engineering Company had no actual knowledge of the pendency of any mandamus proceeding in the New Jersey supreme court.
In my opinion, the contract is too uncertain to permit of its enforcement in a court of equity. The contract provides that if Heller is unsuccessful in his application for a permit, or in the court proceedings, his deposit will be returned to *Page 153 
him. This language makes it uncertain as to whether the parties meant to imply an option or a contract of sale. Again, there is no day certain in the instrument under consideration. Title was to close upon ten days' notice after the securing of the building permit or the final refusal thereof by the court. It will be observed that there is no stipulation as to how soon after these events the ten days' notice shall be given. Does it mean immediately thereafter, or a month or three months after? What does final refusal of the court mean? What court was intended? It appears that the supreme court granted a writ of mandamus
directing the issuance of the permit. Was it intended to stop the litigation there when the parties entered into the agreement or was an appeal contemplated between the parties?
In McKibben v. Brown, 14 N.J. Eq. 13, Chancellor Green said: "No specific performance of a contract can be decreed in equity unless the contract be actually concluded and be certain in all its parts."
Vice-Chancellor Howell said, in Sheehan v. Humphreys,81 N.J. Eq. 416 (at p. 418): "There is very grave doubt in my mind about the meaning and effect of this correspondence. * * * This court is debarred from granting relief in specific performance cases where there is doubt concerning either the facts or the law. This has been determined by the court of last resort in a long line of cases. McKibben v. Brown, 14 N.J. Eq. 13; affirmed, 15 N.J. Eq. 498; Potter v. Hollister, 45 N.J. Eq. 508; affirmed, 46 N.J. Eq. 609; Meyers v. Metzger, 63 N.J. Eq. 779; Doutney v. Lambie, 78 N.J. Eq. 277; Van Riper v.Wickersham, 77 N.J. Eq. 232."
Another point to be considered is the effect on this contract of section 116 of the Conveyance act (2 Comp. Stat. (1910)p. 1573), which reads as follows:
"Every agreement for the sale or purchase of any lands or real estate in this state, which hereafter shall be recorded, shall be absolutely void as against * * * subsequent purchasers * * * for value of said lands or real estate unless the vendee * * * within three months after the date fixed in such agreement for its consummation, or, if no date shall be fixed in such agreement for its consummation, *Page 154 
then within three months after the date of such agreement, shall commence suit for the specific performance of said agreement."
As I have said, there is no specific date set for the closing of this contract. The contract was made on December 24th, 1924. It was recorded July 24th, 1925. And, therefore, in my opinion, it is not binding upon the defendant National Engineering Company.
The definition of "date" is set forth in Heffner v. Heffner,48 La. Ann. 1088; 20 So. Rep. 281, as follows: "The date in its ordinary sense imparts the day of the month, the month and the year. That is also the legal significance of the word. The day of the month is quite as much a part of the date as the month or the year. * * * The will must be dated, and the month without the day is no date."
In the case of Bement v. Trenton Locomotive Co.,32 N.J. Law 513, the court of errors and appeals adopts the following construction (at p. 515): "The primary signification of the word `date,' is not time in the abstract, nor time taken absolutely, but, as its derivation plainly indicates, timegiven or specified — time in some way ascertained and fixed; this is the sense in which the word is commonly used. When we speak of the date of a deed, we do not mean the time when it was actually executed, but the time of its execution, as given or stated in the deed itself. The date of an item, or of a charge in a book account, is not necessarily the time when the article charged was, in fact, furnished, but simply the time given or set down in the account, in connection with such charge. And, so, `the date of the last work done, or materials furnished, in such claim,' in the absence of anything in the act indicating a different intention, must be taken to mean the time when such work was done or materials furnished, as specified in the plaintiffs' written claim * * *.
"It was, manifestly, the purpose of the legislature in this act to limit the duration of the mechanics' lien with greater precision than had been previously done, and to do it in such a way that its limits might be readily ascertained by reference to the claim filed in the clerk's office. *Page 155 
"The act passed March 3d 1835 (P.L. p. 148), substantialy re-enacted April 16th, 1846 (Rev. p. 743), and continuing in force until repealed and superseded by the present act, without requiring any statement in the claim or elsewhere, of the time when the work was done, c., merely provided that the action to enforce the lien should be instituted within one year after such work done, c. A very serious objection to this mode of limitation was that it was too indefinite to be of any practical value. Failing to establish in the claim, or elsewhere, a fixed point from which the year of limitation should begin to run, the point at which the lien would terminate was, of necessity, involved in uncertainty, and uncertainly alike perplexing and injurious to owners and others interested in the property affected by the lien. This radical defect the legislature have wisely and effectually remedied in the present act, by adopting, as the initial point of the limited year, the last date in the claimant's bill of particulars, a point both definite and visible, a monument unalterably established in the claim itself."
I, therefore, think that the title of the defendant National Engineering Company should be sustained as valid.
The final question raised in the briefs is that of laches. Complainant's contract was executed December 24th, 1924. He took no action in the courts until some time in April, 1925. It does not appear whether or not he pressed his suit in the supreme court with diligence, but in the meantime the defendant National Engineering Company took title to the property in March, 1926. More than a year had elapsed since the execution of the contract. It seems to me that this was such laches on the part of the complainant as would justify the court in disregarding his claim.
For these reasons I will advise a decree dismissing the complainant's bill for specific performance. *Page 156