This is a case for specific performance. The statement of facts, prepared on behalf of complainants and admitted by defendants, is as follows:
In 1872 a map of a considerable tract called "Westfield Park, Westfield, N.J.," was filed in the office of the clerk (now register) of Union county.
Subsequently several other maps were filed showing portions of the tract, the particular map in which the parties hereto are interested being entitled, "Amended Map of a Portion of Westfield Park," made in 1899.
Besides showing streets and avenues these maps showed an area designated as "park," "pleasure grounds," and "lake," as appears upon the blueprint submitted herewith.
Subsequent to the filing of the original map, and prior to the acceptance of any of the plotted streets by the town of Westfield, lots were sold, and the ownership of the entire tract gradually changed hands. In the deeds of conveyance the *Page 102 
lots are described in terms of the streets upon which they fronted, and thereby the purchasers of lots not fronting on a public highway became vested of a private right of access to and from such highway.
Such sales constituted a dedication of the plotted streets to the public use, and subsequently such dedication of the plottedstreets was accepted by the municipality.
In the early days the area designated as "park" and "pleasure grounds" was unfit for building purposes without considerable expense for clearing and filling, and the area designated "lake" was a low spot in which drainage from the west, north and east collected in wet weather.
In 1924 surface conditions had so far been changed by drainage, filling, and the diversion of a part of the surface water in other directions, that the land could be used for building purposes. In that year dedicatory deeds of the lands necessary to straighten Park avenue (now Jefferson avenue) were given to the municipality and recorded, and the abandoned portions were formally vacated by ordinance.
In 1926 dedicatory deeds were given the municipality and recorded, extending Kimball avenue and Winyah avenue through the so-called "park" area, and it will be observed that the extension of Winyah avenue was directly through and across the portion designated as "lake."
No deed of conveyance has been found in which there is any direct grant of a private right in the "park" area, but a question was raised as to possible public rights. To extinguish such public rights, if any existed, a further ordinance was passed in 1928, formally vacating such public rights, if any, in the entire "park" area.
It is admitted that there are now no outstanding public
rights either in the vacated portions of Park avenue, now Jefferson avenue, or in the area designated as "park," "pleasure grounds," and "lake."
The objection to the title rests solely upon the claim of outstanding private rights, as follows:
First. It is alleged that the sale of lots by reference to *Page 103 
streets shown on a filed map, and prior to the acceptance of a dedication of such streets by the municipality, vested in the purchasers and their assigns a private right-of-way over such plotted streets, which private right was not merged in the public right upon the acceptance of the dedication, or, if merged, was revived upon a vacation of the public right.
Second. It is alleged that the designation of an area on the filed maps as "park," "pleasure grounds," and "lake" was such holding out, to intending purchasers, of a purpose to maintain such area as a public park as constituted such purpose a part of the consideration for the purchase, and vested in the purchasers and their heirs or assigns a right to have such area so reserved in perpetuity.
It is contended that the filing of the map created a dedication of the street and park areas. It has been established in this state that the filing of a map by the owner of a tract of land, showing streets and park areas, creates a dedication of such streets and parks. This dedication runs for the benefit of the public and also for the benefit of subsequent owners. Price v.Plainfield, 40 N.J. Law 608; Lennig v. The Ocean CityAssociation, 41 N.J. Eq. 606; Bridgewater v. The Ocean CityRailroad Co., 62 N.J. Eq. 276; affirmed, 63 N.J. Eq. 798.
In Perrin v. New York Central Railroad Co., 41 N.Y. 619, it was held that where an owner plotted a tract of land and filed a map showing an open space marked "park," and where conveyances were made by reference to said map, such plotting intended the space so marked to be and remain a park.
White v. Moore, 139 App. Div. (N.Y.) 269, held that when owners of land map a tract, reserving thereon certain lands as a park, and sell lots with reference to such map, such owners cannot thereafter deprive the grantees of the benefit of such park.
The issue now raised in this case has never been settled squarely, counsel admit, by judicial decision in this state. It, therefore, seems to me that under this proceeding the complainants cannot succeed. In Heller v. Sweeney,100 N.J. Eq. *Page 104 150, I quoted Vice-Chancellor Howell, in Sheehan v.Humphreys, 81 N.J. Eq. 416, as follows:
"There is very grave doubt in my mind about the meaning and effect of this correspondence, * * * This court is debarred from granting relief in specific performance cases where there is doubt concerning either the facts or the law. This has been determined by the court of last resort in a long line of cases.McKibbin v. Brown, 14 N.J. Eq. 13; affirmed, 15 N.J. Eq. 498;Potter v. Hollister, 45 N.J. Eq. 508; affirmed, 46 N.J. Eq. 609; Meyers v. Metzger, 63 N.J. Eq. 779; Doutney v. Lambie,78 N.J. Eq. 277; Van Riper v. Wickersham, 77 N.J. Eq. 232."
 Van Riper v. Wickersham, supra, holds that the principle adopted by courts of equity in matters of specific performance is that they will not compel a purchaser to take a title of which there is a reasonable doubt, and such doubt is held to exist if the purchaser desiring to sell the lands would be adversely affected by such doubt * * * so it is the uniform rule in this state to decline to decree specific performance where such doubt exists, though rested on grounds merely debatable, but which might visit upon the purchaser litigation in that regard, and that too, where at law, the title might in fact be declared good.
In Tillotson v. Gesner, 33 N.J. Eq. 313, it is held that the purchaser should have a title which shall enable him not only to hold his land but to hold it in peace, and if he wishes to sell it, be reasonably sure that no flaw or doubt will come up to disturb its marketable value.
Under these circumstances, I will advise a decree dismissing the bill. *Page 105