The only question for decision is whether complainant has a marketable title to the land which is the subject of the litigation.
Henry Tesoroni died intestate in 1922, seized of the land, leaving him surviving his widow and four minor children, one of whom was Henry Tesoroni, Jr. In 1928, the widow presented to the Chancellor a petition for the sale of the lands of the four children, pursuant to the statute, R.S. 3:17-16, c. The usual proceedings followed. After reference to a special master and his report, the mother was appointed special guardian for the infants and ordered to sell the property. She sold for $7,000 to one Michael Andriola. The sale was confirmed, the deed delivered and the purchase price *Page 220 
paid. The proceedings are entirely regular upon their face, but throughout, and in the deed, the infant Henry is misnamed Edward Tesoroni, Jr. Does this misnomer cast such doubt upon the title of complainant, who holds under Andriola, that the title is unmarketable?
A title may be such that the title holder would likely prevail in an action of ejectment or in a suit to quiet title, and yet it may be unmarketable. A title is not marketable where there is doubt concerning either the facts or the law on which it is founded. Pound v. Pleister, 106 N.J. Eq. 101; 107 N.J. Eq. 577.
But the doubt must be substantial. Rosensohn v.Bochenek, 102 N.J. Eq. 543. In the absence of such doubt, the title is marketable. It may depend upon matter in pais and still be marketable. Rutherford Land and Improvement Co. v.Sanntrock, 60 N.J. Eq. 471; 44 Atl. Rep. 938. It has been said that when, in a specific performance suit, objections to the title are overruled, the court must feel such confidence in its own opinion as to be satisfied that another court would not adopt another conclusion. Lippincott v. Wikoff, 54 N.J. Eq. 107,120.
In the case before me, there is no doubt of the facts. It is entirely clear that an infant, Henry Tesoroni, Jr., age eleven years, owned a quarter interest in the land at the time of the proceeding for sale. No eleven-year-old child named Edward Tesoroni, Jr., or no person at all bearing that name, had any interest in the land, and Mr. and Mrs. Tesoroni had no child Edward. How the misnomer crept in, I do not know, but the fact of the mistake is clear.
The questions of law are whether Henry Tesoroni, Jr., is concluded by the decree in the proceeding for the sale of land, and whether the special guardian's deed passed his title to the grantee. Generally, a party to an action, although misnamed, will be concluded by the judgment or decree the same as if he were described by his true name. Advantage of the misnomer must be taken as soon as discovered by plea in abatement or motion, whereupon the true name may be inserted by amendment. Elbert v.Wilmington Turngemeinde (Del.), 107 Atl. Rep. 215; Collins
v. Bugbee (Me.), 1 Atl. Rep. 2d 178. If no objection to the misnomer be *Page 221 
made before judgment, it is waived, and proof may be received outside the record to show who is the actual party concluded. Inre Fitzgerald's Estate (Pa.), 97 Atl. Rep. 937; Proctor v.Wells Bros. (Ill.), 104 N.E. Rep. 186. See, also,Probasco v. Probasco, 3 N.J. Law 565.
In our statutory proceeding for the sale of infant's lands, the infant is not served with process or notified in any way of the proceeding. The proceeding is entirely ex parte. The infant is considered a ward of the court. The court looks into the facts and on determining that the interest of the infant will be substantially promoted by a sale, orders the sale to be made. The proceeding may be considered an action in rem or perhaps it may be said that the authority so exercised is not judicial but rather is parental. Cochran v. Van Surlay, 20 Wend. 365, 380.
In former times, the legislature sometimes exercised this power without the aid of any court. For instance, see "An act to authorize Rebecca Snowhill, widow of George Snowhill, deceased, to make sale of certain real estate." P.L. 1826 p. 46. A sale pursuant to this statute was considered in Den ex dem. Snowhill
v. Snowhill, 3 N.J. Eq. 20. In Day v. Devitt, 79 N.J. Eq. 342,353, Vice-Chancellor Garrison said that the Court of Chancery has the inherent power, irrespective of statute, to change the character of property in which infants are interested for the benefit of said infants. Whatever be considered the precise nature of the proceeding, the general rule should be applied and the misnomer of the infant be held not to vitiate the proceeding.
The decree for sale and order confirming sale bind Henry.
The statute provides that the conveyance shall, when made in conformity with the direction of the court, be as valid and effectual as if made by the infant when of full age. Despite a misnomer of a party in a deed, title passes from the actual grantor to the actual grantee. In Meed v. Altgeld (Ill.),26 N.E. Rep. 388, there appeared in the chain of title a deed to James Matteson and later a partition among the heirs of Joseph Matteson. Thereafter the title, when questioned, was held to be unmarketable, despite the suggestion of a misnomer in the deed to James. That deed, said the court, raised a presumption that there was a person named James and that *Page 222 
he was the one in whom title vested. No evidence competent as against James, if there was such a person, was offered to prove that the name James was used by mistake in the deed or that James and Joseph were identical. In another case in the same court,Atterbery v. Blair (Ill.), 91 N.E. Rep. 475, the grantee named in a deed was Felker and the next deed in the chain was made by Felkel. The proofs showed, however, that no Felker ever claimed an interest in the land and that the name was so spelled through error and specific performance was decreed. Hellreigel
v. Manning, 97 N.Y. 56, and Elbert v. WilmingtonTurngemeinde, supra, were also cases where the title was upheld after evidence had been received satisfying the court of the mistake. When discrepancies in names appear in a chain of title, the title is made questionable, but the question may be resolved in favor of the title by evidence of misnomer.
Henry Tesoroni, Jr.'s, interest was conveyed by the guardian's deed. I find the title marketable and will decree specific performance. No costs will be allowed.