The bill of complaint by Art Photo Engraving Co., Inc., a tenant in the premises number 155 Washington Street, Newark, is brought to compel the defendant to specifically perform the covenant in a lease to furnish "heat" to the demised premises for twenty-four hours a day during every day of the week in the "cold season," and prays that the defendant be "enjoined and restrained from permitting the temperature of the demised premises from falling below a minimum of 70 degrees Fahrenheit."
The lease is dated December 28th, 1940, and runs for a period of five years commencing June 1st, 1941. The clause in question contained in the lease reads:
"* * * the Landlord will furnish during all usual business hours of all days, except Sundays and holidays, heat for the demised premises during the cold season in each year. The Landlord agrees to furnish heat at night and on Sundays and holidays during the cold season in each year for which the Tenant agrees to pay $10.00 per month for said extra heat service." *Page 112 
The complainant charges that the defendant failed to supply heat for twenty-four hours a day; that he was obliged to purchase supplementary heating equipment. The premises leased are part of the building known as the Kent Garage, which building consists of a central tower for the storage of automobiles and stores, two stories in height on the street frontage. Complainant's premises are located on the second floor. The entire building is heated from a central heating system located in the tower. There are two major steam mains or pipes leading therefrom, one of which takes care of the garage and the other of the business offices and stores. There exists no separate heating system for the complainant's premises. The central heating plant was originally fired by oil exclusively, but in February, 1943, the defendant was compelled to convert one boiler to coal. The oil allotment to the defendant was by the OPA limited and the defendant experienced our common lot — a coal shortage to fire the coal boiler.
The doubt which arises from the uncertainty of the clause in question in the lease contained, together with the facts in evidence lead me to a denial of the extraordinary remedy of specific performance. The covenant provides for heat. The evidence shows that heat was supplied but complainant insists upon 70 degrees of heat. As to the degrees of heat to be supplied the covenant is silent; nor is it clear what was meant by the words "cold season." Who was to say when the "cold season" commenced and when it ended — the tenant or the landlord?
Chancery will not decree specific performance of a contract, the terms of which are uncertain. The uncertainty in the clause in question is fatal on a bill for specific performance. Myers
v. Metzger, 63 N.J. Eq. 779, 782; 52 Atl. Rep. 274; Cohen v.Pool, 84 N.J. Eq. 189; 94 Atl. Rep. 37; Neptune Fisheries Co.
v. Cape May Real Estate Co., 89 N.J. Eq. 552; 105 Atl. Rep. 212;Sukman v. Ihle, 100 N.J. Eq. 598; 133 Atl. Rep. 779.
Present decree. *Page 113