The defendant moves to strike the bill of complaint for reasons discussed below. Complainant entered into a contract with defendant for a period running to December 30th, 1947, whereby complainant agreed to "send as much material to the Rite Products Company grounds and buildings for storage as he possibly can." Defendant is sole owner of the company. On April 2d 1946, defendant notified complainant not to store chattels of any kind in defendant's building. A trainload of gum arabic is waiting to be unloaded and the defendant refuses to store the gum in his warehouse. The bill then alleges circumstances intended to show irreparable injury and concludes by praying that defendant be enjoined from interfering with complainant in unloading the gum arabic into defendant's warehouse. *Page 115 
An injunction to restrain a breach of contract in this case would operate, in effect, as a decree for specific performance. The jurisdiction exercised is in substance the same and the same general rules apply. Van Name v. Federal Deposit InsuranceCorp., 130 N.J. Eq. 433, 443; 132 N.J. Eq. 302. Equity will not enforce a contract even though it be good at law, unless it is certain in its terms. Thus, "a covenant to erect a substantial bank or bulkhead sufficiently strong and permanent to hold in place the material to be filled in" was refused performance because the bank or bulkhead was not described with enough certainty. Neptune Fisheries Co. v. Cape May Real Estate Co.,89 N.J. Eq. 552.
The contract on which complainant relies contains no express agreement by defendant to receive material from complainant. But there is implied a promise on his part to receive whatever material complainant brings to the "grounds and buildings for storage." 3 Williston on Contracts, § 1293. Grossman v.Schenker (N.Y.), 100 N.E. Rep. 39. Defendant refuses only to store the gum arabic in his warehouse. Presumably he is willing to let it lie in the open, or perhaps in some other building. Is it complainant or defendant who has the right to select the particular place for the storage of any certain consignment? The contract is silent.
The consideration for defendant's implied obligation to receive is also implied, a promise by complainant to pay reasonable storage charges. Any relief to complainant must be coupled with a provision for payment for storage. A reasonable charge would depend on the kind of material and the place in which it is stored. While the court might determine a fair rate for the gum arabic, it would be unable to make up a schedule for all kinds of material. Note also that complainant does not offer to pay any charges at all. The contract is too uncertain for enforcement in equity by injunction or otherwise.
Furthermore, an injunction should be denied since it does not appear that complainant's remedy at law is insufficient. Complainant does not state that other storage space cannot be found. The bill shows that unless defendant accepts the gum arabic, the railroad will charge demurrage and storage, and *Page 116 
that complainant will have to employ watchmen. In addition, the gum arabic "belongs to the account of the Conway Products Company," and if defendant refuses to store it, complainant's account with that company will sustain a severe loss. I do not quite comprehend this allegation. An action for damages seems adequate to complainant's needs.
I have not considered whether a lack of mutuality of remedy is another reason for denying relief to complainant. The bill will be dismissed, with costs.
On an interlocutory application, defendant was ordered to receive one carload of gum arabic upon complainant depositing in court $500 to answer any damages should the bill be dismissed. If defendant conceives that he has suffered damage and the parties are unable to agree thereon, there may be a reference to a master.