The plaintiffs entered into a written contract with the defendant dated August 10, 1935 whereby in consideration of the payment of $1,050.00 the defendant agreed to convey to the plaintiffs a lot and bungalow in Shady Lake Park, West Milford Township, Passaic County. *Page 406 
Plaintiffs had paid the entire purchase price recited in the contract by January 15, 1945. On that date the defendant delivered a deed for the premises to the plaintiffs.
The contract and deed, among other things, contained the following provision:
"The Seller agrees to erect a Clubhouse, a Swimming pool, at least two public drinking water supply stations, and a playground of 3 or 4 acres."
The plaintiffs, alleging that the requirements of this provision have not been complied with, seeks its specific performance.
There is no dispute between the parties concerning the swimming pool as the plaintiffs concede that the defendant has fulfilled that portion of the provision in question.
I have given the provision which is sought to be enforced careful consideration. I am of the opinion that it is incapable of enforcement because of its indefiniteness. The size, mode of construction and location of the clubhouse is not recited in the provision, nor is the location of the playground. Courts will not supply missing terms and compel the defendant to do that which he never agreed to perform. Unless the plaintiff proves that the defendant promised to perform certain and definite work there can be no decree for specific performance. See, 4 Pomeroy's EquityJurisprudence, (5th Ed.) Sec. 1405, p. 1042; Heller v.Sweeney, 100 N.J. Eq. 150. The contract must be certain in all its parts.
In addition to the foregoing, however, I am convinced from the evidence adduced at the trial that the defendant has complied with the provision in question. The defendant proved that he erected a clubhouse which may be used and is used by the lot owners of the summer colony as a place of recreation. It is my opinion that this building satisfies the defendant's alleged obligation under the terms of the provision in question. Further, the defendant has set aside an area of land of about four acres north of the plaintiffs' lot which may be used by the plaintiffs and other lot owners as a playground. True, the land so set aside is unimproved. However, I cannot read into the provision, *Page 407 
which allegedly obligates the defendant to erect a playground, any further obligation on his part to clear and improve this land and to furnish it with equipment such as swings, slides, etc. as contended by the plaintiffs.
The defendant's proof also demonstrated that he has complied with that part of the provision in question relating to the erection of "two public drinking water supply stations". Four of such stations have been erected by the defendant.
I shall sign a judgment in accordance with these views.