[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Tuition Finance Group, Inc., doing business as Foundation Credit (TFG), filed a second amended complaint on March 10, 2000, alleging in count one that the plaintiff, a New Jersey corporation, entered into a contract with the defendant, D L Tractor Trailer School (D L), for the acquisition of retail installment contracts. TFG alleges that D L failed to pay for five retail installment contracts that were in default and that D L remains indebted to TEG for $9,677.53, not including interest, attorney's fees and costs, as stipulated by the agreement. In count two of its complaint, TFG alleges that it filed suit against D L in the Superior Court of New Jersey, Law Division, Burlington County, on the defaulted contracts and obtained a judgment against D L for $13,944.57, which D 
L has refused to pay. In count three of its complaint, TFG alleges that it entered into a contract with the defendant Donald Lane III (Lane III) for the acquisition of retail installment contracts and that Lane III failed to pay TFG for five defaulted contracts amounting to $9,677.53, CT Page 10297 not including interest, attorney's fees and costs, as stipulated by the agreement. In count four, TFG alleges that it obtained ajudgment against Lane III for $13,944.57 in the Superior Court of New Jersey, Law Division, Burlington County, and that Lane III has refused to pay the judgment.
On May 22, 2000, the defendants filed an answer and special defenses. The defendants raise eight special defenses. The defendants allege that they were never served in the New Jersey action or in the present action, they allege that Lane III does not own D L Tractor Trailer School, and that no authorized representative of D L signed the contract referred to in TFG's complaint. The defendants also allege that neither D L nor Lane III are liable for the alleged judgment and that "[t]he plaintiff did not have jurisdiction over the defendants in the action commenced in New Jersey." In addition, they claim that TEG was not qualified to do business in Connecticut, that any alleged contract is unenforceable, and that TFG cannot enforce a foreign judgment in Connecticut because TFG has failed to comply with General Statutes §33-921 (requiring certificate of authority for a foreign corporation conducting business and initiating a lawsuit in Connecticut). The defendants also allege that D L is a nonexistent entity, and that Lane III did not sign the contract in his individual capacity.
On April 11, 2000, TFG filed a motion for summary judgment with respect to the counts alleged against D L, counts one and two. TFG contends that none of the special defenses filed by D L raise a genuine issue as to any material fact and that TFG is entitled to a judgment enforcing the judgment rendered against D L by the New Jersey Superior Court. As required by Practice Book § 17-45, TFG has filed a memorandum in support of its motion for summary judgment, accompanied by copies of the New Jersey Superior Court judgment, a document entitled "School Application," the contract between TFG and D L, a document listing the delinquent loans, and the complaint filed with the New Jersey Superior Court. D L has timely filed a memorandum in opposition, with case law, Donald Lane, Jr.'s (Lane, Jr.) (the individual who claims he is "doing business as" D L) affidavit, and a copy of its answer and special defenses to TFG's second amended complaint.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Home Ins. Co. v. Aetna Life Casualty, CT Page 10298235 Conn. 185, 202, 663 A.2d 1001 (1995). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. SouthernNew England Telephone, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "It is not enough . . . for the opposing party merely to assert the existence of . . . a disputed issue." (Internal quotation marks omitted.) Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79, 573 A.2d 699
(1990). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nomnoving party." Strada v. Connecticut Newspapers. Inc., 193 Conn. 313,317, 477 A.2d 1005 (1984).
TEG argues in its memorandum that, pursuant to the Uniform Enforcement of Foreign Judgments Act, General Statutes § 52-604, et seq., it is seeking to enforce a New Jersey judgment entered against D L. TFG argues that the New Jersey Superior Court found that D L was properly served, and it contends that although the judgment is based upon a "default" of appearance by D L, it submitted sufficient evidence to sustain the burden of establishing its claim. TFG further maintains that D L does not raise any issues of material fact by way of its special defenses, that the New Jersey court had jurisdiction over the parties and the subject matter, and that its judgment is entitled to full faith and credit in Connecticut.
Initially, D L counters that it has a right to collaterally attack the foreign judgment by establishing facts that would render the judgment void. D L argues that it is a nonexistent entity and that the New Jersey court therefore did not possess personal jurisdiction over it. D 
L further claims that Lane, Jr. is not a named party in this suit, nor was he named in the New Jersey suit. D L contends that at all times referred to in TEG's complaint, Lane, Jr. was doing business as D L and D L claims that it has never done business in New Jersey.
D L argues that neither Lane, Jr. individually, nor D L, have appeared in the New Jersey lawsuit referred to by TFG, nor have they been summoned and named as defendants in the New Jersey lawsuit. D L contends that neither it nor Lane, Jr., nor Lane III, wereserved with process in the New Jersey lawsuit. D L argues that the New Jersey court did not have jurisdiction over D L, or Lane, Jr. individually, and that this court does not have such jurisdiction over D L or Lane, Jr. individually, because D L does not exist as a legal entity and there was no service on anyone else. D L maintains that the present case presents genuine issues of material fact, therefore TFG's motion for CT Page 10299 summary judgment should be denied.
The New Jersey judgment was due to a default for D L's failure to appear. (TEG's Exhibit A.) "As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." Packer Plastics. Inc. v. Laundon, 214 Conn. 52,56, 570 A.2d 687 (1990), citing Underwriters National Assurance Co. v.North Carolina Life Accident Health Ins. Guaranty Assn., 455 U.S. 691,704, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982). However, "a foreign judgment is only given full faith and credit if it is not based upon default of appearance or concession." Holbrook v. Owen, Superior Court, judicial district of Fairfield-Bridgeport at Fairfield, Docket No. 263338 (January 11, 1993, Ballen, J.). The full faith and credit clause does not authorize the court to enforce TEG's New Jersey default judgment.
In 1973, Connecticut adopted the 1964 revised version of the Uniform Enforcement of Foreign Judgments Act promulgated by the National Conference of Commissioners on Uniform State Laws (General Statutes § 52-604, et seq.), although the Connecticut version differs in some substantial respects, such as the treatment of foreign judgments obtained by concession or default. Seaboard Surety Co. v. Waterbury,38 Conn. Sup. 468, 469 n. 2, 451 A.2d 291 (App. Sess., 1982). General Statutes § 52-607 preserves the common law right of a judgment creditor to bring an independent action on the foreign judgment.[1]
Id., 470. "Where a judgment is based upon default of appearance, the party seeking to enforce the judgment must proceed by way of General Statutes [§] 52-607." (Internal quotation marks omitted.) Key Bank ofAlaska v. Benedict, Superior Court, judicial district of New Haven, Docket No. 349683 (February 25, 1994, Martin, J.). "This independent action on the . . . judgment allows the debtor to attack collaterally the foreign judgment by establishing facts that would render the judgment void." Id. "[T]o be successful, a collateral attack must prove a judgment void, not merely voidable." Rathkopf v. Pearson, 148 Conn. 260, 265,170 A.2d 135 (1961). "[T]his would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Id.
"A party can therefore defend against the enforcement of a foreign judgment on ground that the court that rendered the judgment lacked personal jurisdiction, unless the jurisdictional issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue." Packer Plastics. Inc. v. Laundon, supra, 214 Conn. 56. "`The United States Supreme Court has consistently held . . . that the judgment of another state must be presumed valid, and the burden of CT Page 10300 proving a lack of jurisdiction rests heavily upon the assailant.'" Id., 57, quoting Williams v. North Carolina, 325 U.S. 226, 233-34,65 S.Ct. 1092, 89 L.Ed. 1577, reh. denied, 325 U.S. 895, 65 S.Ct. 1560, 89 L.Ed. 2006 (1945). "[A] judgment presumes jurisdiction over the subject matter and over the persons . . . . To overcome this presumption, the burden of undermining the decree of a sister state rests heavily on the assailant." (Citation omitted; internal quotation marks omitted.) Smith v. Smith,174 Conn. 434, 438, 389 A.2d 756 (1978). In the present case, D L is attempting to defend against the enforcement of the New Jersey judgment by challenging the New Jersey court's personal jurisdiction.
A defendant's claim that a foreign court lacked jurisdiction over it does not automatically preclude a summary judgment to enforce the foreign judgment. Elliot Bros. Steel Co. v. Pelican Industries. Inc., Superior Court, judicial district of New Britain, Docket No. 485884 (April 5, 1999, Graham, J.). "Connecticut law allows the court to look beyond a defendant's mere claim to ascertain if a genuine issue of material fact exists as to personal jurisdiction and, if there is none, to enforce a foreign judgment." Id., citing Rathkopf v. Pearson, supra, 148 Conn. 264.
The Connecticut Supreme Court has held that issues regarding the jurisdiction of a foreign court are determined by the law of the foreign state. Tri-State Tank Corp. v. Higganum Heating. Inc., 45 Conn. App. 798,800, 699 A.2d 201 (1997), citing Smith v. Smith, supra, 174 Conn. 438. The question of whether the New Jersey Superior Court properly exercised jurisdiction over D L is a question of New Jersey law.
The essence of D L's jurisdictional challenge is that service of process in the original New Jersey action was effected upon D L (Lane, Jr.'s business name) and not on Lane, Jr. himself D L argues that it is a legal "non-entity" and that the failure of the plaintiff to name Lane, Jr. personally, as opposed to using his business name, results in a lack of personal jurisdiction.
"Generally, a party to an action, although misnamed, will be concluded by the judgment or decree the same as if he were described by his true name." Webster-Art Strength Building Loan Assn. v. Armondo,128 N.J. Eq. 219, 220, 15 A.2d 890 (1940). "If no objection to the misnomer be made before judgment, it is waived, and proof may be received outside the record to show who is the actual party concluded." Id., 221.
In rendering judgment by default in the original action, the New Jersey Superior Court stated that D L had been duly served with process and a copy of the complaint. (TEG's Exhibit A.) in light of the New Jersey Superior Court's order of judgment, which states that D L was duly served with process and a copy of the complaint, that process was CT Page 10301 properly served on D L in the original action. D L had an opportunity to object to any claimed misnomer before the New Jersey judgment was made and has not alleged that it attempted to do so, and that consequently the judgment against D L is concluded to be the same as if were entered against Lane, Jr., personally.
TFG further argues that it entered into a contract with D L which D 
L has failed to honor. TFG argues that it (TFG) is a New Jersey corporation and that the contract stipulates that the agreement shall be construed in accordance with New Jersey law and, consequently, a New Jersey court had the authority to hear the case and renderjudgment. D L argues that the contract which is the subject of this suit was executed by Lane III, who is a different individual than Lane, Jr., and that Lane III was not authorized by D L to bind it in the agreement with TFG.
In the original contract the parties stated that the contract would be governed by the law of the state of New Jersey. "Connecticut case law is clear that the courts will uphold an agreement of the parties to submit to the jurisdiction of a particular tribunal." Phoenix Leasing. Inc. v.Kosinski, 47 Conn. App. 650, 653, 707 A.2d 314 (1998). "As a general rule, parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . ." (Citations omitted; internal quotation marks omitted.) McConnon v. RXR Group. Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 160843 (October 9, 1997, Mintz, J.). TEG and D L submitted to the jurisdiction of the New Jersey Superior Court in the original contract and D L had an opportunity to contest the validity of the contract in the New Jersey action. (TEG's Exhibit B.)
D L also argues that TEG cannot maintain a lawsuit in Connecticut without first obtaining a certificate of authority. The statute cited by D L to support its argument that TFG is barred from filing suit in this state until it acquires a certificate of authority, General Statutes § 33-921 (a), states that "[a] foreign corporation transactingbusiness in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." (Emphasis added.) D L has not alleged by way of special defense that the plaintiff has transacted business in Connecticut such that it would be statutorily required to acquire a certificate of authority before bringing a lawsuit in this state. "The absence of this key element from the pleadings renders the special defense insufficient as a matter of law because a corporation which is not transacting business in this state may freely bring and maintain a lawsuit without offending General Statutes . . . [§] 33-412 (a)."Peters Production. Inc. v. Dawson, 182 Conn. 526, 529, 438 A.2d 747
(1980). Section 33-412 is the predecessor of § 33-921. Woodwaste v.CT Page 10302Connecticut Mulch Dist., Superior Court, judicial district of Hartford, Docket No. 567757 (August 15, 1997, Sullivan, J.). TEG's claim is not barred by § 33-921 because D L has failed to allege that TEG has transacted business in this state.
Despite TFG's attachment of the New Jersey judgment, this court is unable to determine whether Lane, Jr. accepted service on behalf of D 
L. The function of service of process is to confer jurisdiction and to give notice of the pending action. Gluck v. Gluck, 181 Conn. 225, 226,435 A.2d 35 (1980). Accordingly, TEG's motion for summary judgment as to counts one and two is denied.
 Howard F. Zoarski Judge Trial Referee