PACKER PLASTICS, INC. *v.* JOHN LAUNDON
(13837)

PETERS, C. J., HEALEY, CALLAHAN, GLASS and COVELLO, Js.

Argued January 4—decision released February 27, 1990

*Rod W. Farrell,* for the appellant (defendant).

*Lloyd L. Langhammer,* for the appellee (plaintiff).

PETERS, C. J. The sole question in this appeal is the allocation of the burden of proof when a defense of lack of personal jurisdiction is raised in an action to enforce a judgment rendered by the court of another state. The plaintiff, Packer Plastics, Inc., obtained a default judgment from the District Court of Douglas County, Kansas, against the defendant, John Laundon, and subsequently sought enforcement of the Kansas judgment in Connecticut. The trial court, *Noren, J.,* rendered judgment in favor of the plaintiff on the ground that the defendant had failed to offer evidence that the Kansas judgment was invalid for lack of personal jurisdiction. The defendant appealed to the Appellate Court, and we transferred the case to ourselves pursuant to Practice Book § 4023. We find no error.

The relevant facts are undisputed. The plaintiff initiated the original action in the District Court of Douglas County, Kansas, against "John Laundon, d/b/a Abbott's of New England." The plaintiff is a Kansas corporation, and the defendant, who serves as the president of the corporation doing business as Abbott's of New England,[1] is a Connecticut resident. When the defendant neither answered the complaint nor appeared to defend the action, the Kansas court rendered a default judgment in favor of the plaintiff in the amount of $31,096.11. The Kansas judgment recited

---

[1] Abbott's of New England is a trade name of Noank Shellfish, Inc.

that the defendant had personally been served with a summons, and that both jurisdiction and venue were proper.[2]

The plaintiff subsequently commenced the present action to enforce the Kansas judgment.[3] The defendant responded with a special defense challenging the Kansas judgment as void for lack of personal jurisdiction. At trial, neither the plaintiff nor the defendant offered any evidence on the issue of whether the Kansas court had personal jurisdiction over the defendant. The trial court, *Noren, J.,* ruled that the burden of proving that the Kansas court lacked jurisdiction rested with the defendant, and found that the defendant had failed to present any evidence to sustain that burden. The court thus rendered judgment in favor of the plaintiff. The defendant filed a motion for a new trial, which the court, *Hurley, J.,* denied.

The defendant contends in this appeal that the trial court erred by imposing on him the burden of demonstrating that the Kansas judgment was void for lack of personal jurisdiction.[4] In support of this contention,

---

[2] The Kansas District Court cited Kan. Stat. Ann. § 60-308 (b) (1) and (5) in support of its conclusion that the defendant had submitted to the jurisdiction of the court. Section 60-308 (1988 Sup.), Kansas' long-arm statute, provides in pertinent part: "SUBMITTING TO JURISDICTION—PROCESS. Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

"(1) Transaction of any business within this state . . .

"(5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state."

[3] Although the amount of the Kansas judgment was $31,096.11, the complaint in this action claimed only $17,622.89, the amount still due on the judgment, plus interest and costs.

[4] The defendant has not challenged the trial court's factual determination that he failed to present any evidence tending to show that the Kansas court lacked jurisdiction over him.

he argues that our decision in *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 51–54, 459 A.2d 503 (1983), establishes that, once the defendant has raised a jurisdictional defense, the court cannot proceed unless the plaintiff proves the requisite minimum contacts necessary to support an exercise of jurisdiction over the defendant. The defendant thus maintains that the trial court should have refused to enforce the Kansas judgment because the plaintiff failed to introduce any evidence in response to his special defense challenging the Kansas court's jurisdiction. We are not persuaded.

*Standard Tallow Corporation* v. *Jowdy,* supra, stands for the proposition that a plaintiff seeking to initiate an action in Connecticut bears the burden of proof on the issue of whether Connecticut courts may properly exercise personal jurisdiction over the defendant. Id., 53. In the present case, however, the defendant does not challenge the jurisdiction of the Connecticut courts, but instead contends that Connecticut should not enforce the Kansas judgment because the Kansas court lacked personal jurisdiction over him when it rendered the judgment. The difference is critical, because the validity of the Kansas judgment in Connecticut implicates the full faith and credit clause of the United States constitution.[5]

Since the interpretation of the full faith and credit clause is a question of federal law, we are bound by the decisions of the Supreme Court of the United States concerning the criteria for application of the clause. *Thomas* v. *Washington Gas Light Co.,* 448 U.S. 261, 271 n.15, 100 S. Ct. 2647, 65 L. Ed. 2d 757 (1980) (plurality opinion); *Sutton* v. *Leib,* 342 U.S. 402, 406,

---

[5] Article four, § 1 of the constitution of the United States provides in pertinent part: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."

72 S. Ct. 398, 96 L. Ed. 448, reh. denied, 343 U.S. 921, 72 S. Ct. 674, 96 L. Ed. 1334 (1952). The United States Supreme Court has impliedly held that federal law under the full faith and credit clause governs the determination of the proper placement of the burden of proof. See *Cook* v. *Cook,* 342 U.S. 126, 72 S. Ct. 157, 96 L. Ed. 146 (1951) (reversing a judgment of the Supreme Court of Vermont on the basis of an incorrect placement of the burden of proof under the full faith and credit clause).

As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it. *Underwriters National Assurance Co.* v. *North Carolina Life & Accident & Health Ins. Guaranty Assn.,* 455 U.S. 691, 704, 102 S. Ct. 1357, 71 L. Ed. 2d 558 (1982). This rule includes the proposition that lack of jurisdiction renders a foreign judgment void. Id., 704–705; see *Nevada* v. *Hall,* 440 U.S. 410, 421, 99 S. Ct. 1182, 59 L. Ed. 2d 416, reh. denied, 441 U.S. 917, 99 S. Ct. 2018, 60 L. Ed. 2d 389 (1979); *Thompson* v. *Whitman,* 85 U.S. (18 Wall.) 457, 469, 21 L. Ed. 897 (1874). A party can therefore defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the jurisdictional issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue. *Underwriters National Assurance Co.* v. *North Carolina Life & Accident & Health Ins. Guaranty Assn.,* supra, 706; *Sherrer* v. *Sherrer,* 334 U.S. 343, 350–52, 68 S. Ct. 1087, 92 L. Ed. 1429 (1948); *Williams* v. *North Carolina,* 325 U.S. 226, 229–30, 233, 65 S. Ct. 1092, 89 L. Ed. 1577, reh. denied, 325 U.S. 895, 65 S. Ct. 1560, 89 L. Ed. 2006 (1945); *Morabito* v. *Wachsman,* 191 Conn. 92, 96–99, 463 A.2d 593

(1983); 2 Restatement (Second), Judgments § 81, comment (a) (1982); 1 Restatement (Second), Conflict of Laws § 96 (1971).

The United States Supreme Court has consistently held, however, that the judgment of another state must be presumed valid, and the burden of proving a lack of jurisdiction "rests heavily upon the assailant." *Williams* v. *North Carolina,* supra, 233–34; *Sutton* v. *Leib,* supra, 408; *Cook* v. *Cook,* supra, 128; *Adam* v. *Saenger,* 303 U.S. 59, 62, 58 S. Ct. 454, 82 L. Ed. 649, reh. denied, 303 U.S. 666, 58 S. Ct. 640, 82 L. Ed. 1123 (1938); *Settlemier* v. *Sullivan,* 97 U.S. 444, 448–49, 24 L. Ed. 1110 (1877). Furthermore, the party attacking the judgment bears the burden of proof regardless of whether the judgment at issue was rendered after a full trial on the merits or after an ex parte proceeding. See *Williams* v. *North Carolina,* supra, 230. Accordingly, we conclude that the trial court did not err in placing the burden of proving lack of personal jurisdiction on the defendant and in ruling that the defendant's failure to present any evidence in support of his challenge to the Kansas court's jurisdiction entitled the plaintiff to judgment in its favor.

There is no error.

In this opinion the other justices concurred.