[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss the complaint asserting that the Connecticut court cannot assert personal jurisdiction over the defendant, a foreign corporation, under Conn. Gen. Stat. 33-411 (c).
On December 5, 1989, the plaintiff, J. Kevin Grogan, filed a five count complaint against Stoddard Imported Cars, Inc. an Ohio Corporation, alleging negligence, intentional misrepresentation, negligent misrepresentation, CUTPA violations, and breach of contract. The plaintiff alleges that he hired the defendant to inspect a car in Ohio, after reading the defendant's advertisement in a magazine, Porsche Panorama. The defendant communicated the results of the inspection to the plaintiff in Connecticut, via telephone and telecopier. In reliance on the defendant's favorable inspection report, the plaintiff alleges that he bought the car, which later had many mechanical defects.
On January 4, 1990, the defendant filed a motion to dismiss, asserting that the Connecticut Court cannot assert personal jurisdiction over the defendant under Conn. Gen. Stat. 33-411 (c), which requires either repeated business solicitation in Connecticut, or tortious conduct in Connecticut. The defendant attaches a memorandum of law pursuant to Connecticut Practice Book 143, and an affidavit by the president of the defendant corporation, stating that the defendant did not solicit business or engage in tortious conduct in Connecticut.
The plaintiff has filed a memorandum of law in opposition to the motion to dismiss pursuant to Connecticut Practice Book 143. The plaintiff has also submitted his affidavit, stating upon information and belief that the defendant advertised its services for over ten years to Porsche owners in Porsche Panorama, CT Page 2962 a monthly magazine distributed nationally to all Porsche Club members; and the advertisement reads, "We're here for all of your original Porsche needs — Call Us!."
A motion to dismiss is used to test whether on the face of the record the court lacks jurisdiction to hear the case. Upson v. State, 190 Conn. 622, 624 (1983). The motion is properly used to assert lack of jurisdiction over the person. Connecticut Practice Book 143(2) Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 50 (1983).
If the face of the complaint indicates that the court is without jurisdiction the complaint will be dismissed. Upson,190 Conn. at 624. The allegations in the complaint are viewed in a light most favorable to the pleader. Pellegrino v. O'Neill,193 Conn. 670, 672 (1984). When the motion is supported by affidavits pursuant to Connecticut Practice Book 143, the court need not presume the validity of the allegations in the complaint. Barde v. Board of Trustees, 207 Conn. 59, 62 (1988).
Where the court is determining whether it may properly exercise long-arm jurisdiction over the defendant, the plaintiff bears the burden of proof. Packer Plastics, Inc. v. Laundon,214 Conn. 52, 55 (1990).
In the case at bar, the plaintiff argues and the defendant denies that the defendant regularly solicited business or engaged in tortious conduct in the state of Connecticut.
Conn. Gen. Stat. 33-411 (c) states in pertinent part:
 Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: . . . (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or . . . (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.
In McFaddin v. National Executive Search Inc.354 F. Sup. 1166, 1169 (D. Conn. 1973), the court held that where a defendant placed advertisements over a six month period in the Wall Street Journal, a national newspaper whose circulation clearly included Connecticut, such conduct constituted a sufficiently repetitious pattern to satisfy Conn. Gen. Stat. 33-411 (c)(2).
Similarly, advertising in publications having circulation in Connecticut for the purpose of soliciting reader response was found to be sufficient to assert long-arm jurisdiction in Whelen Engineering v. Toman Electronics, 672 F. Sup. 659663-664 (D. Conn. 1987).
We conclude that the defendant's continuous and outright solicitation in Porsche Panorama is sufficient for this court to exercise personal jurisdiction pursuant to Conn. Gen. Stat. 33-411 (c)(2) and therefore the motion to dismiss is denied.
HENNESSEY, J. CT Page 2963