[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Key Bank of Alaska, filed a one-count complaint, dated June 23, 1993, against the defendant, Howard Benedict. The plaintiff alleges that it recovered a judgment against the defendant in an Alaska court and that the judgment remains wholly unsatisfied. The plaintiff attached a certified copy of the Alaska judgment to the complaint. The Alaska judgment shows that a default judgment was entered against the defendant after he failed to plead or defend the action.
The defendant filed an answer and special defenses on September 8, 1993. In his answer, the defendant admits all of the allegations in the plaintiff's complaint, but denies the enforceability of the Alaska judgment. In his first special defense, the defendant alleges that the Alaska judgment was procured by fraud and is unenforceable against the defendant. In his second special defense, the defendant alleges that under General Statutes 52-605(a), the Alaska judgment is not entitled to enforcement in Connecticut because it was a default judgment that was entered on the basis of the defendant's failure to appear and defend the action.
The plaintiff moves for summary judgment on the ground that there is no genuine issue of material fact as to the validity of the Alaska judgment. Pursuant to Practice Book 380, the plaintiff filed a memorandum in support of the motion. The plaintiff attached a copy of the Alaska judgment to the motion. The CT Page 1939 defendant timely filed a memorandum in opposition to the motion. The defendant attached his affidavit to the memorandum.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connelly v. Housing Authority, 213 Conn. 354, 364, 567 A.2d 1212 (1990).
After the "moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. (Citation omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578-79, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984).
The plaintiff moves for summary judgment on the ground that there is no genuine issue of material fact. The plaintiff argues that the defendant's first special defense is not a sufficient defense to the plaintiff's action. The plaintiff argues that since it is proceeding under General Statutes 52-607, the defendant's second special defense is inapplicable. The plaintiff argues further that since the defendant has not claimed that the Alaska court lacked personal or subject matter jurisdiction in rendering the judgment, he cannot collaterally attack the judgment.
The defendant argues that the Alaska judgment is unenforceable since it was procured by fraud. The defendant states in his affidavit that the parties had reached an agreement in Alaska that the plaintiff would forbear from collection of the debt. The defendant claims that the plaintiff violated the terms of the agreement in obtaining the Alaska judgment. The defendant argues that because of the plaintiff's fraud, the judgment is invalid and he may attack it collaterally.
"As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state CT Page 1940 the same credit, validity, and effect as the state that rendered the judgment." (Citation omitted.) Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 56, 570 A.2d 687 (1990). Nevertheless, "a foreign judgment is only given full faith and credit if it is not based upon default of appearance or [confession]." Holbrook v. Owen, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 263338 (January 11, 1993).
"Where a judgment is based upon default of appearance, the party seeking to enforce the judgment must proceed by way of General Statutes 52-607." Id. Under General Statutes 52 — 607, a judgment creditor may bring an independent action to enforce the judgment. Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468,452 A.2d 291 (1982). "This independent action on the foregoing judgment allows the debtor to attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void." Id., 472. "[T]o be successful, a collateral attack must prove a judgment void, not merely voidable." (Citation omitted.) Rathkopf v. Pearson, 148 Conn. 260, 265, 170 A.2d 135
(1961). "[T]his would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Id.
In the present case, there is no dispute that the Alaska court entered a default judgment on the basis of the defendant's failure to appear and defend the action. The defendant's defense to the judgment is based on the plaintiff's alleged fraud. This defense should have been brought in the Alaska state Court. See Seaboard Surety Co. v. Waterbury, supra, 472 n. 5 (defense that judgment by confession was procured by duress should have been brought in sister state's court). Furthermore, since the defendant does not attack either the jurisdiction of the Alaska court, the legality of the Alaska court, or the Alaska court's power to grant the judgment, he cannot show that the Alaska judgment is void. Therefore, since there is no genuine issue of material fact as to the validity of the Alaska judgment, the plaintiff's motion for summary judgment is granted.
Martin, J. CT Page 1941