[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Alpha Chemical Plastics Corp., has brought a complaint in three counts against the defendant, Spongex CT Page 3822 International, Ltd. The plaintiff alleges breach of contract and unjust enrichment, in counts one and two, and sues on a North Carolina judgment in count three. The plaintiff alleges that the defendant purchased chemical compounds from the plaintiff and, subsequently, failed to pay for the furnished goods. The plaintiff further alleges that it obtained a default judgment against the defendant in the Superior Court of North Carolina in the amount of $31,178.30 plus interest.
The plaintiff has filed this motion for summary judgment on the ground that the court must give the North Carolina judgment full faith and credit.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Waterand Way Properties v. Colt's Manufacturing Co., 230 Conn. 660,664, 646 A.2d 143 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts."' Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., supra, 230 Conn. 665.
The plaintiff argues that it has obtained a default judgment against the defendant in North Carolina, and that the North Carolina judgment is entitled to full faith and credit in Connecticut. The defendant contends that the North Carolina court did not have jurisdiction over the defendant, the contract was fraudulently induced, the plaintiff has no right to bring an action in Connecticut, and the defendant has a right of setoff against the plaintiff's damages. CT Page 3823
The plaintiff has moved for summary judgment on its complaint, however, its memorandum of law and the evidence submitted only address the foreign judgment. Because the plaintiff's submitted evidence provides nothing in support of its claims of breach of contract and unjust enrichment its motion for summary judgment is denied as to counts one and two.
"As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it. . . . This rule includes the proposition that lack of jurisdiction renders a foreign judgment void. . . . A party can therefore defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the jurisdictional issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue." (Citations omitted.) Packer Plastics v. Laundon 214 Conn. 52,56, 570 A.2d 687 (1990). "Where a judgment is based upon default of appearance, the party seeking to enforce the judgment must proceed by way of General Statutes § 52-607 . . . . Under General Statutes § 52-607, a judgment creditor may bring an independent action to enforce the judgment. . . . This independent action on the foregoing judgment allows the debtor to attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void. (Citations omitted; internal quotation marks omitted.) Key Bank of Alaska v. Benedict,
Superior Court, judicial district of New Haven at New Haven, Docket No. 349683 (February 25, 1994, Martin, J.); see alsoSeaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468 (App. Sess. 1982). "[T]o be successful, a collateral attack must prove a judgment void, not merely voidable. . . . [T]his would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." (Citations omitted; internal quotation marks omitted.) Key Bankof Alaska v. Benedict, supra, citing Rathkoph v. Pearson, 148 Conn. 260,265, 170 A.2d 135 (1961).
The defendant has provided evidence that the only contacts it has with North Carolina consisted of telephone calls and letters. Thus, the defendant has raised a genuine issue of material fact as to whether there were sufficient minimum contacts with North Carolina to establish jurisdiction. See International Shoe Co. v.Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). CT Page 3824 Furthermore, the defendant has presented evidence that those contacts it had with North Carolina were fraudulently induced, which also implicates the jurisdiction of the North Carolina court. See Fidelity Deposit Co. v. Panagopoulos, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 523654 (October 31, 1994, Aurigemma, J.).
There is a genuine issue of material fact as to whether the defendant had minimum contacts with North Carolina to establish jurisdiction. Accordingly, the plaintiff's motion for summary judgment is denied.
Given the determination made herein as to the jurisdiction of the North Carolina court, its is unnecessary for the court to address the defendant's claim that the plaintiff is prohibited from maintaining this action under C.G.S. § 33-412(a).
So Ordered.
D'ANDREA, J.