[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#104)
On June 21, 1995, the plaintiff, American Piledriving Equipment, Inc., filed a one count complaint seeking to collect on a State of Washington default judgment against the defendant, Local Towing, Inc. The plaintiff filed a motion for summary judgment, a supporting memorandum of law, a copy of the judgment, a copy of the rental agreement, and affidavits on October 24, 1995. The defendant filed a memorandum of law and an affidavit in opposition on November 3, 1995.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . CT Page 14263 The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v.Colt's Manufacturing Co., 230 Conn. 660, 665, 646 A.2d 143 (1994).
The plaintiff argues that it obtained a default judgment in the Superior Court of the State of Washington, and that jurisdiction was proper under the terms of the rental agreement. The defendant contends that jurisdiction was not proper as the defendant did not have sufficient minimum contacts with Washington.
"As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it . . . . This rule includes the proposition that lack of jurisdiction renders a foreign judgment void . . . . A party can therefore defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the jurisdictional issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue." (Citations omitted.) Packer Plastics v. Laundon,214 Conn. 52, 56, 570 A.2d 687 (1990). "Where a judgment is based upon default of appearance, the party seeking to enforce the judgment must proceed by way of General Statutes §52-607 . . . . Under General Statutes § 52-607, a judgment creditor may bring an independent action to enforce the judgment. . . . This independent action on the foregoing judgment allows the debtor to attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void." (Citations omitted; internal quotation marks omitted.) Key Bank of Alaska v. Benedict, Superior Court, Judicial District of New Haven at New Haven, Docket No. 349683 (February 25, 1994, Martin, J.); see also Seaboard Surety Co. v.Waterbury, 38 Conn. Sup. 468 (App. Sess. 1982). "[T]o be successful, a collateral attack must prove a judgment void, not CT Page 14264 merely voidable . . . . [T]his would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." (Citations omitted; internal quotation marks omitted.) Key Bank of Alaska v.Benedict, supra, citing Rathkoph v. Pearson, 148 Conn. 260, 265,170 A.2d 135 (1961).
The rental agreement provides in paragraph 19 that "[a]t the sole option of APE, the venue of any lawsuit to enforce or interpret this Agreement may be laid in either King County, Washington or Norwalk County, Connecticut, and regardless of the county to which any lawsuit is commenced by APE, the Customer waives the right to move for a change in venue." The defendant maintains that this paragraph is insufficient to establish the jurisdiction of the Washington court.
"The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. [T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there . . . . This basic tenet of foreseeability has given rise to the specific corollary that parties to a contract may agreein advance to submit to the jurisdiction of a given court . . . . Absent a showing of fraud or overreaching, such forum clauses will be enforced by the court." (Citations omitted; emphasis added; internal quotation marks omitted.) United States Trust Co. v.Bohart, 197 Conn. 34, 41-42, 495 A.2d 1034 (1985).
The rental agreement between the plaintiff, a Washington corporation, and the defendant contained an agreement that the parties would submit to the jurisdiction of the Washington court.
Therefore, there is no genuine issue of material fact that the Washington court had jurisdiction to render the judgment the plaintiff now seeks to enforce. Accordingly, the plaintiff's motion for summary judgment is granted.
Richard J. Tobin, Judge CT Page 14265