[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to enforce a foreign judgment rendered in 1993 by a Massachusetts court against the defendant, Sun Hill Industries, Inc. The only defense that the defendant continues to CT Page 11895 assert in the present action is that the Massachusetts court lacked personal jurisdiction over it when the Massachusetts court rendered its default judgment. The court (Karazin, J.) ruled on this issue in response to the defendant's motion for summary judgment dated January 7, 1997.
"Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . ." (Citations omitted; internal quotation marks omitted.) CFM of Connecticut, Inc. v.Chowdhury, 239 Conn. 375, 403, 685 A.2d 1108 (1996).
In the present case, the defendant urges this court to ignore the decision rendered by the court (Karazin, J.) in response to its motion for summary judgment dated January 8, 1997. The sole issue before Judge Karazin was "whether [the] defendant . . . was correctly subject to personal jurisdiction under Massachusetts General Laws ch. 223A, § 3." The court held that Massachusetts properly asserted personal jurisdiction over the defendant based on the fact that the defendant had sufficient minimum contacts with that state. This court can find no reason to contradict Judge Karazin's decision.
This court also finds that the Massachusetts court entertained and decided the defendant's motion to vacate following the rendering of the judgment. This fact is further support for the ultimate finding that Massachusetts had personal jurisdiction over the defendant when it entered judgment in favor of the plaintiffs.
"As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." Packer Plastics, Inc. v. Laundon,214 Conn. 52, 56, 570 A.2d 687 (1990).
The court has listened to the testimony and carefully considered all of the evidence. The court finds that the plaintiffs validly obtained, in the state of Massachusetts, a judgment in the amount of $166,000.00 plus $29,381.93 interest.
Therefore, based on the above discussion, judgment for the plaintiff is entered in the amount of $195,381.93. CT Page 11896
MINTZ, J.