[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff commenced this action by writ, summons and complaint, returnable to this court on August 25, 1998, seeking to enforce a New Hampshire state court judgment entered against the defendant in 1996. That action arose out of a 1995 automobile accident which occurred in New Hampshire between the plaintiff's insured and the defendant. After several discussions with the defendant failed to resolve the matter, the plaintiffs, in the exercise of its subrogation rights, commenced the New CT Page 9683 Hampshire action to recover from the defendant the benefits which it paid out under the terms of its policy with its insured. The defendant failed to appear in that action and, on April 25, 1996, the court there entered a judgment, inclusive of costs and interest, in the amount of $3,372.64. Plaintiff commenced this action to enforce that judgment.[1]
The matter was tried to the court. A copy of the New Hampshire judgment was admitted without objection (Plaintiff's Exhibit 2) and the defendant did not deny the entry of that judgment. Rather, the defendant contends that the judgment should not be enforced based upon the alleged inadequacy of service of process commencing that action. Specifically, the defendant claims that, notwithstanding the sheriff's return of service in that action indicating the making of abode service upon the defendant, he in fact did not reside at the address indicated and never received notice of the action.
Our Supreme Court has held, in Packer Plastics, Inc. v. Laundon,214 Conn. 52 (1990), that "[A]s a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it. . . . A party can therefore defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction. . . ."Packer, at 56. The Packer court further noted consistent holdings of the United States Supreme Court that the judgment of another state must be presumed valid, and the burden of proving a lack of jurisdiction "rests heavily upon the assailant." Packer, at 57. (Citations omitted). Hence, the issue before this Court, as it would be before a New Hampshire court, is whether adequate service was made upon the defendant. This raises an issue of credibility. In resolving this issue, the Court has considered all of the evidence, including the defendant's testimony, and the attendant circumstances.
The sheriff's return of service indicates the making of abode service upon the defendant at 100 Main Street, Apt. 28, Nashua, New Hampshire. The defendant does not deny that he resided at that address at some point during the year in question. Rather, he testified that he resided at three locations, including one twice, during the course of that year and claims that he was living at one of the other addresses at the time. On cross-examination, however, he could not recall the dates during which he lived at any of the addresses mentioned during his testimony. This lack of recall obviously falls short of sustaining the "heavy burden" he bears on this issue. Moreover, the return of service itself is indicative of the efforts made by the sheriff to ensure that the location at which service was made was actually the defendant's abode. Specifically, the return of service, after reciting the making of service at 100 Main CT Page 9684 Street, Apt. 28, Nashua, New Hampshire, then recites "(moved from University Drive)". The defendant himself acknowledged having resided at 20 University Drive during the course of the year in question. The Defendant's lack of recall as to where he resided at the time, together with the apparent effort of the sheriff to confirm the defendant's residence, raises serious doubts as to defendant's claim that service was not made at his abode. This Court's skepticism is further heightened by the circumstances surrounding correspondence sent to the defendant by plaintiff's counsel in 1997 regarding this matter. Specifically, the defendant acknowledged either residing at or caring for his mother's home at 18 Alden Road in Simsbury when the correspondence was sent to that address, yet the envelope (Plaintiff's Exhibit 1) was returned as undeliverable with the notation "return to sender — address unknown". The defendant was unable to offer any explanation why correctly addressed mail was so returned.
The court finds that the defendant failed to sustain his burden of proving the inadequacy of service of process or that the New Hampshire court otherwise lacked personal jurisdiction over him at the time it entered judgment. Accordingly, judgment is hereby entered in favor of the plaintiff in the amount of $3,372.664.
Solomon, J.