[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
This is an action to enforce a civil judgment for monetary damages which was rendered by the Michigan Supreme Court on or about October 12, CT Page 2832 1999.
The plaintiff, Alken-Ziegler, Inc., is a Michigan corporation with a principal place of business in Kalkaska, Michigan. The defendant,Waterbury Headers Corp., is a New York corporation with a place of business in Waterbury, Connecticut.
On May 11, 1994, the plaintiff initiated an action in the Circuit Court for the County of Kalkaska, Michigan, against Waterbury Headers, Inc.
(herein after referred to as "WHI") — the defendant corporation's predecessor in interest alleging breach of contract and implied warranty.
After learning that WHI sold substantially all of its assets to Waterbury Headers Corp. (defendant) in March, 1996, the plaintiff amended its complaint to include the defendant based on successor liability. The defendant failed to appear and the circuit court entered a default judgment on May 6, 1996. The defendant filed a motion to set aside the judgment of default on July 17, 1996, which was subsequently denied on December 2, 1996. The circuit court thereby entered judgment against the defendant in the amount of $337,453.93, plus interest and costs.
The defendant appealed the circuit court's denial of the motion to set aside the judgment of default and, on March 3, 1998, the Michigan Court of Appeals reversed and remanded the circuit courts decision on the ground that the court abused its discretion.
On October 12, 1999, the Michigan Supreme Court reversed the decision of the Court of Appeals and reinstated the circuit court's ruling.
On May 31, 2000, the plaintiff commenced the present action, seeking enforcement of the judgment rendered in its favor by the circuit court in Michigan against the defendant. On July 2, 2000, the defendant filed a motion to dismiss on the ground that the Connecticut courts lack jurisdiction over the present action. The defendant argues that the Michigan judgment was rendered by default and without personal jurisdiction, so the judgment should not be entitled to full faith and credit in Connecticut.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person . . ." Practice Book § 10-31(a). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a CT Page 2833 motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
In its motion to dismiss, the defendant argues that the circuit court in Michigan lacked personal jurisdiction over the defendant, thereby rendering the default judgment void. It is further argued by the defendant that because the Michigan judgment was rendered by default and without personal jurisdiction, the judgment is not entitled to full faith and credit in Connecticut. The issue raised by the defendant's motion, therefore, is whether the Michigan judgment is entitled to full faith and credit under the United States Constitution. See U.S. Const., art. IV, § 1.
"Since the interpretation of the full faith and credit clause is a question of federal law, we are bound by the decisions of the Supreme Court of the United States concerning the criteria for application of the clause." Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 55, 570 A.2d 687
(1990). "As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." Id., 56, citing Underwriters National Assurance Co. v.North Carolina Life Accident Health Insurance Guaranty Assn.,455 U.S. 691, 704, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982).
Because "[t]his rule includes the proposition that lack of jurisdiction renders a foreign judgment void. . . . [a] party can . . . defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the jurisdictional issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue." (Citations omitted.) Packer Plastics, Inc. v. Laundon, supra, 214 Conn. 56. "The United States Supreme Court has consistently held, however, that the judgment of another state must be presumed valid, and the burden of proving a lack of jurisdiction rests heavily upon the assailant." (Internal quotation marks omitted.) Id., 57.
"Our Supreme Court has held that issues regarding the jurisdiction of a foreign court are determined by the law of the foreign state." Tri-StateTank Corp. v. Higganum Heating, Inc., 45 Conn. App. 798, 800, 699 A.2d 201
(1997), citing Smith v. Smith, 174 Conn. 434, 438, 389 A.2d 756 (1978). Because the defendant seeks to dismiss this action on the ground that the default judgment rendered by the Michigan circuit court is void due to lack of personal jurisdiction, the laws of Michigan govern this court's legal analysis. CT Page 2834
The defendant argues that the Michigan circuit court lacked personal jurisdiction over it because the defendant did not assume the liabilities of WHI when purchasing its assets. Consequently, this analysis must specifically address the issues of personal jurisdiction and successor liability under Michigan law.
The Michigan Supreme Court has held that "when analyzing whether the exercise of limited personal jurisdiction over a given defendant is proper, a two-step inquiry is generally applied." Jeffrey v. RapidAmerican Corp., 448 Mich. 178, 184, 529 N.W.2d 644 (1995). The first step is that "the exercise of limited personal jurisdiction must be consistent with the requirements of due process." Id., 185. The second step is that the "defendant must come within the terms of MCL 600.715." Id.; see Mich. Comp. Laws § 600.715 (2000).[1]
The due process clause of the Fourteenth Amendment does not permit a state to render a valid judgment "against an individual or corporate defendant with which the state has no contacts, ties, or relations."International Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154,90 L.Ed. 95 (1945). Therefore, "[a] court may acquire personal jurisdiction over a nonresident when the nonresident defendant's relationship with the forum is such that it is fair to require the defendant to appear before the court." Jeffrey v. Rapid American Corp., supra, 448 Mich. 185, citingInternational Shoe Co. v. Washington, supra, 326 U.S. 319.
"Jurisdiction may be properly exercised over a corporate defendant when it reaches beyond its own state and purposely avails itself of the privilege of exploiting forum-based business opportunities. This requirement of purposeful availment ensures that a corporation will not be subjected to jurisdiction on the basis of random, fortuitous, or attenuated contacts." Jeffrey v. Rapid American Corp., supra,448 Mich. 187, citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770,774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). "It is fair to require a defendant to appear before the court when the defendant possesses "minimum contacts' with the forum." Jeffrey v. Rapid American Corp.,
supra, 448 Mich. 185.
In its motion to dismiss, the defendant argues that, because it "was not in existence during the period in question . . . [it] cannot be said that it was carrying on a continuous and systematic part of its general business in Michigan. . . ." (Motion to Dismiss, p. 12.)[2] The plaintiff's objection to the motion to dismiss does not challenge the defendant's argument that it has no minimum contacts with Michigan so as to subject itself to personal jurisdiction within that state. It is submitted, therefore, that the court should find that the defendant did CT Page 2835 not purposefully avail itself of the privileges of conducting business in Michigan so as to establish minimum contacts for purposes of due process.
The defendant also argues in its motion to dismiss that the allegations set forth in the plaintiff's amended complaint as filed in the Michigan circuit court, were grounded solely on the premise that the defendant was a successor in interest to Waterbury #1, thereby enabling the state court to exercise jurisdiction over the corporation. The defendant further argues that personal jurisdiction does not lie where one corporation only buys the assets, and not the liabilities, of another corporation.
Michigan has addressed the issue of whether the contacts of one corporation may be imputed to the purchaser of that corporation so as to conform to the requirements of due process. In Michigan, it is generally recognized that "a corporation that merely purchases the assets of another corporation is not generally responsible for the liabilities of the selling corporation." Jeffrey v. Rapid American Corp., supra,448 Mich. 189. The exception to this rule is where a purchaser voluntarily assumes the liabilities of the selling corporation. Id., 190. Jeffrey goes on to hold that "[t]he contacts of a constituent corporation may be attributed to the surviving corporation following a merger for purposes of determining the surviving corporation's amenability to personal jurisdiction for the liabilities incurred by the constituent corporations." The court also acknowledges, however, that "`[i]n the absence of an assumption of liability, the contacts of the predecessor corporation generally will not be imputed to the successor.'" Id., 195, quoting 1 Jurisdiction in Civil Actions (2d ed.), § 4.03 (5)(d), pp. 4-140 to 4-141.
In its motion to dismiss, the defendant argues that it purchased only the assets of WHI and not any of its existing liabilities. This assertion is sufficiently substantiated by two affidavits that show that the defendant "purchased only specified assets and was not responsible for any liabilities of Waterbury Headers, Inc.[WHI]" (Motion to Dismiss, Exhibit E, ¶ 4.) Thus, under the precedent set by Jeffrey v. RapidAmerican Corp., supra, the contacts of WHI are not imputed to the defendant for the purposes of asserting personal jurisdiction. Because such contacts are not to be imputed to the defendant, the defendant does not fall under Michigan's long-arm statute.
In its objection to the defendant's motion to dismiss, the plaintiff argues that the defendant is prohibited from raising the issue of personal jurisdiction under the doctrine of collateral estoppel. "The legal doctrines of res judicata and collateral estoppel are designed to promote judicial economy by preventing relitigation of issues or claims CT Page 2836 previously resolved." (Internal quotation marks omitted.) DeMilo Co. v.Commissioner of Motor Vehicles, 233 Conn. 281, 291, 659 A.2d 162 (1995). "Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Internal quotation marks omitted.) Linden Condominium Assn., Inc. v. MeKenna, 247 Conn. 575, 596,726 A.2d 502 (1999). "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta." (Citations omitted; internal quotation marks omitted.) Delahunty v. Massachusetts Mutual LifeIns. Co., 236 Conn. 582, 600, 674 A.2d 1290 (1996).
The plaintiff argues that collateral estoppel applies because the defendant fully litigated the issue of personal jurisdiction in the forum state and because the Michigan Court of Appeals held that the defendant waived any objections to personal jurisdiction. A careful review of the procedural history of this case does not support the plaintiff's contention that the issue of personal jurisdiction was fully litigated in the Michigan courts. Furthermore, there is no merit in the plaintiff's argument that the Michigan Court of Appeals held that the defendant waived any objections to personal jurisdiction. The Court of Appeals held that "[b]ecause defendant failed to develop any further argument in the proceedings below, either orally or in writing, we find that defendant waived any objections to personal jurisdiction for purposes of thisappeal." (Emphasis added.) Alken-Ziegler, Inc. v. Waterbury HeadersCorp., No. 200042, p. 5 (Mich.Ct.App. March 3, 1998).
The fact that the Court of Appeals of Michigan recognized that the defendant did not fully develop a personal jurisdiction argument implicitly suggests that the issue was never fully litigated. Additionally, the Court of Appeals held that the defendant waived its right to object on such grounds only for that appeal. Alken-Ziegler,Inc. v. Waterbury Headers Corp., supra, No. 200042, p. 5. The court finds that the present action is not part of the appeal and collateral estoppel does not apply.
For the foregoing reasons, the court finds that the defendant's motion to dismiss should be and is hereby granted. CT Page 2837
By the Court,
Joseph W. Doherty, Judge