[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Ronald Bibace, has brought a suit in this state against Klaus Schmickler, hereinafter referred to as the defendant, based on a judgment that the plaintiff recovered in Florida. The plaintiff's suit contains five counts. In the first count of the complaint, the plaintiff alleges that in the Circuit Court of Broward County, Florida, the plaintiff recovered a judgment in 1999 for approximately $2,000,000 against the defendant Schmickler.[1] In the other counts of the complaint, the plaintiff alleges that another defendant, Orchard Hill LLC, conspired with the named defendant in this present case to defraud the plaintiff and make it impossible for him to collect the Florida judgment by reason of certain fraudulent transactions.
The defendant Schmickler has moved (#110; Sh. Cal. 2/5/01) for a partial summary judgment as to the first count of the complaint on the basis that when the plaintiff attempted to domesticate his Florida judgment in the state of Texas, a court in Texas ruled that the judgment, which had been procured by default in appearance, was invalid.[2] Therefore, according to the defendant, the Texas judgment has "preclusive effect" in Connecticut, and entitles him to a summary judgment preventing the enforcement of the Florida judgment in this state.
Pursuant to Practice Book § 17-49, a summary judgment may be rendered only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miles v.Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light CT Page 5168 most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). If a genuine fact exists, it must be left to a later decision after a full hearing. Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752
(1982).
The defendant invokes the doctrines of full faith and credit and res judicata as authority for his motion for summary judgment as to the first count of the complaint. As a matter of federal law, the full faith and credit clause of Article four, § 1 of the Constitution of the United States, requires a state court to accord the judgment of another state "the same credit, validity and effect as the state that rendered the judgment would give it." Packer Plastics, Inc. v. Laundon, 214 Conn. 52,56, 579 A.2d 687 (1990). If the foreign court lacked jurisdiction, a party can defend against the enforcement of the judgment on the basis that the court that rendered the judgment lacked personal jurisdiction, "unless the jurisdictional issue was fully litigated before the foreign court. . ." Id.
Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. Dowling v. FinleyAssociates, Inc., 248 Conn. 364, 373, 727 A.2d 1245 (1999). The party asserting res judicata has the burden of establishing its applicability.Commissioner of Environmental Protection v. Connecticut Bldg. WreckingCo., 227 Conn. 175, 195, 629 A.2d 1116 (1993).
When this motion for partial summary judgment was first filed, the plaintiff resisted by contending that since he had appealed the adverse judgment of the district court in Texas to the Court of Appeals for the Third District of Texas, at Austin, it would not be appropriate to rule on the motion while his appeal was still pending. However, on January 11, 2001, the Court of Appeals affirmed the judgment of the district court prohibiting the enforcement of the Florida judgment in Texas, but limited that judgment by holding that the district court had exceeded its jurisdiction and authority by declaring that the Florida judgment was null and void.[3]
CT Page 5169
Thus, the Texas Court of Appeals explicitly determined that the validity of the Florida judgment was not affected by the ruling of the district court. Connecticut will be obliged to determine itself whether or not the Florida judgment can be enforced in this state. Neither the doctrine of full faith and credit, nor that of res judicata, nor any other theory prevents this state from ruling on the issue of whether or not the Florida judgment is enforceable in Connecticut. This issue requires a fact-specific inquiry as to how Florida purported to exercise jurisdiction over the defendant, and in this regard the defendant as "the party attacking the judgment bears the burden of proof." Packer Plastics,Inc. v. Laundon, supra, 214 Conn. 57. This factual issue cannot be resolved by way of a summary judgment. Thus, the defendant's motion #110 is denied.
So Ordered.
Dated at Stamford, Connecticut, this 16th day of April, 2001.
William B. Lewis, Judge.