[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF LAW RE MOTION TO DISMISS
This case was brought by the plaintiff Dyck O'Neal, Inc., of Dallas, Texas, against the defendant Carrie Louise Curtis, as a prejudgment remedy to secure a judgment it obtained against the defendant in New York. In its application, the plaintiff alleges that on July 1, 1999, it obtained a judgment against the defendant in the Supreme Court, county of Queens, New York in the total amount of $41,751.25. The defendant filed a Motion to Dismiss.
Since the New York judgment was obtained by "default," it does not meet the definition of a "foreign judgment" contained in General Statutes § 52-604, and thus it cannot be made a judgment of this state under that act. However, General Statutes § 52-607 provides that a judgment creditor such as the plaintiff may proceed "by an action on the judgment."
"A party can . . . defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the issue was fully litigated before the rendering court. . . ." Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 56,570 A.2d 687 (1990). When a plaintiff asserts a common law action to collect on a foreign judgment, the debtor has the right to collaterally attack the foreign judgment "by establishing facts that would render that judgment void." Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468,472, 451 A.2d 291 (App. Sess. 1982). According to Rathkopf v. Pearson, CT Page 6555148 Conn. 260, 265, 170 A.2d 135 (1961), such a collateral attack must prove that the foreign judgment is void, not just voidable, because of, for example, "lack of jurisdiction over the . . . parties."
In this present case, the defendant asserts lack of personal jurisdiction on the ground that she never received notice of the New York action, and that she was never served with process.
The court has heard the testimony of the witnesses at the trial which began on December 22, 1999 as well as reviewed affidavits and exhibits submitted. The court has also considered the claims raised by the parties in their briefs, the last of which was filed on March 16, 2001.
The court finds that the defendant was personally served on August 13, 1997 by Deputy Sheriff Stuart Perlmutter. He served her at 1019 Heritage Village B, Southbury, CT, Apt. 203. The plaintiff asserts that she was not personally served because the return of service to which Perlmutter took an oath reflected service at 1019 Heritage Village, B, Southbury, CT., Apt. No. 203. The court finds there is no Apartment 203 at Heritage Village. The Affidavit of Service also reflects that the defendant's approximate height is 5'9" and her approximate weight is 170 lbs. The defendant is not 5'9" tall nor did she appear to weigh 170 lbs at the time of trial.
Nevertheless, the court finds that personal service was made on the defendant. Perlmutter has served process "constantly" at Heritage Village and is familiar with it. He knows that there is no Apartment 203 in Heritage Village. The discrepancies are reasonably explained.
The affidavit was prepared for Perlmutter's signature by the office staff of Niziankiewiz Connecticut Process Serving with whom Perlmutter was working on an as-needed basis. Apartment 203 was typed in by Connecticut Process Serving and not by Perlmutter. The defendant had lived at Apartment 203 at 42-65 Vanessa Blvd., Flushing, New York when the New York lawsuit began. The discrepancy as to the defendant's height is due to the fact that the defendant was standing approximately 5 inches above the sheriff in her foyer when she was served.
Based on the foregoing, the court finds that the plaintiff did not meet her burden of proving that she was not served personally for this suit. She was provided the opportunity to call the postman as a witness which she failed to do. She was also given the opportunity to bring witnesses to testify to her serving as a volunteer elsewhere on August 13, 1997 at 11:30 a.m. She failed to take advantage of these opportunities. While the court draws no adverse inference as to her failing to do so, the court finds that in the totality of the circumstances she failed to meet her CT Page 6556 burden of proof. The court finds the New York court did not lack jurisdiction over her.
 The United States Supreme Court has consistently held . . . that the judgment of another state must be presumed valid, and the burden of proving a lack of jurisdiction "rests heavily upon the assailant." (Internal citations omitted.) Furthermore, the party attacking the judgment bears the burden of proof regardless of whether the judgment at issue was rendered after a full trial on the merits or after an ex parte proceeding. Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 57.
For the foregoing reasons, the defendant's motion to dismiss is denied. Accordingly, the order for prejudgment remedy is granted as follows:
1. To attach to the value of $45,000 the interest of the defendant in real property located in the Town of Southbury, County of New Haven and State of Connecticut, more particularly described on Schedule A, attached hereto and made a part hereof;
2. To garnishee to the value of $45,000 the agents, trustees, or debtors of the defendant who have concealed in their hands the property of the defendant and/or are indebted to her; and
3. To attach to the value or $45,000 the personal property, real property, and goods and chattel of the defendant.
SANDRA VILARDI LEHENY, J.