[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is an action for breach of contract and to enforce a foreign default judgment rendered by the district court of Edwards County, Kansas. On November 8, 2001, the plaintiff, Larry Bartlett filed a four count complaint against the defendants, Capital Research Partners Co. (Capital) and Thomas Romero (Romero), the managing partner of Capital (collectively, the defendants). The complaint alleges a breach of contract by Capital and Romero (counts one and two, respectively) and seeks enforcement of a foreign default judgment as to Capital and Romero (counts three and four, respectively). The plaintiff moves for summary judgment as to the third and fourth counts of the complaint.
The following pertinent facts are alleged in the plaintiff's complaint. In 1993, the plaintiff and Capital entered into an oral agreement (the agreement) under which, the plaintiff was to assist Capital with the marketing and sale of Jason Bankshares, Inc.'s (Bankshares) stock. Bankshares was a holding company that owned a substantial amount of stock in two other banks. Pursuant to the agreement, the plaintiff was to receive a 15 percent commission of Capital's fees from the successful sale of Bankshares' stock in the two banks to a third party. Capital successfully consummated the sale and was paid $101,800 in fees. On or about August 26, 1998, Capital paid the plaintiff $3,000. Capital has not paid the plaintiff the $12,270 that the plaintiff believes remains due and owing under the agreement.
The third and fourth counts of the complaint relate to an action the plaintiff commenced against the defendants in June of 1999 in the district court of Edward County, Kansas (the Kansas action). The Kansas action asserted the same breach of contract rights as counts one and two of this Connecticut action. In the third count, the plaintiff alleges that Capital failed to file an appearance in the Kansas action and on August 11, 1999, the district court rendered a default judgment (the Kansas judgment) in favor of the plaintiff in the amount of $12,270 (plus prejudgment interest at 10 percent, post judgment interest at 8.5 percent and $66.50 in costs). In the fourth count, the plaintiff alleges that Romero failed to appear in the Kansas action and thus, the aforementioned default judgment was also entered against him.
On December 27, 1999, the defendants filed an answer and three special defenses in this Connecticut action. The defendants asserted the special defenses of statute of limitations, statute of frauds and that the third and fourth counts fail to state viable causes of action. Subsequently, on CT Page 3545 April 13, 2000, the plaintiff filed a motion for summary judgment and supporting memorandum as to the third and fourth counts on the grounds that there is no genuine issue as to any material fact and that he is entitled to judgment as a mailer of law. The defendants filed an objection and supporting memorandum on July 2, 2001 to which the plaintiff filed a response on October 24, 2001.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
The plaintiff argues that summary judgment is warranted because the Kansas judgment is entitled to full faith and credit in Connecticut. The plaintiff asserts that service in the Kansas action was effectuated by in hand service of the writ, summons and complaint on June 16, 1999. The plaintiff evinces service by providing a copy of the sheriff's signed return of service of summons. Additionally, the plaintiff contends that the defendants' failure to appear resulted in a default judgment being entered against them. Thus, the plaintiff contends that under the full faith and credit doctrine, the Kansas judgment is enforceable in Connecticut. The plaintiff acknowledges that a judgment debtor may collaterally attack a sister state's judgment by establishing facts that would render the judgment void or otherwise show that the rendering court lacked the power to grant the relief contained in the judgment. The plaintiff, however, concludes that in this case, the defendants have failed to establish any facts which would render the Kansas judgment void.
In opposition to the summary judgment motion, the defendants make two arguments. The defendants' first argument asserts that the Kansas court lacked jurisdiction because the Kansas action was barred by a previous bankruptcy court order. The defendants' second argument is based on the Kansas statute of limitations for breach of an oral agreement. The defendants cite to Kansas Statute § 60-512[1] which provides for a three year statute of limitations for breach of an oral agreement. The CT Page 3546 defendants argue that the three year statute of limitations barred the plaintiff's Kansas action at its inception.
As a preliminary matter, this court notes that because the Kansas judgment was obtained by default based on the defendants' failure to appear, the plaintiff could not proceed under the Uniform Enforcement of Foreign Judgments Act General Statutes § 52-604. Accordingly, the plaintiff instituted this enforcement action as a common law action. SeePhoenix Leasing Inc. v. Kosinski, 47 Conn. App. 650, 651, 707 A.2d 314
(1998).
The enforcement of a foreign judgment implicates the full faith and credit clause of the United States constitution, which explicitly provides in article four, § 1, that: "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." The United States Supreme Court has held that interpretation of the full faith and credit clause is a question of federal law and that state courts are bound by its decisions concerning the criteria for applying the clause. Thomas v. Washington Gas Light Co., 448 U.S. 261, 271
n. 15, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980). The federal rule includes the proposition that lack of jurisdiction in the original state renders a foreign judgment void. Underwriters National Assurance Co. v. NorthCarolina Life Accident Health Ins. Guaranty Assn., 455 U.S. 691,704-705, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982). "A party can therefore defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction. . . ."Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 570 A.2d 687 (1990). Additionally, "[i]f [the rendering] court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given." (Internal quotation marks omitted.) Underwriters NationalAssurance Co. v. North Carolina Life Accident Health Ins. GuarantyAssn., supra, 455 U.S. 704-05.
To successfully attack a foreign judgment "[the party attacking the judgment] must establish that the [foreign] judgment is void, not merely voidable . . . Broadly stated, this would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." (Citation omitted.) Phoenix Leasing,Inc. v. Kosinski, supra, 47 Conn. App. 653. A judgment is void under Kansas law if the rendering court "lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Ford v. Willits, 9 Kan. App. 2d 735, 743,688 P.2d 1230 (1984), aff'd, 237 Kan. 13, 697 P.2d 844 (1985). In the defendants' first argument, they urge this court not to grant summary judgment because the Kansas court lacked jurisdiction to overrule a CT Page 3547 bankruptcy court order. The defendants argue that the Kansas court lacked jurisdiction because an outstanding bankruptcy court order barred the defendants from entering into the commission agreement upon which the Kansas judgment is based. The defendants contend that in order to be employed as a consultant in Bankshares' bankruptcy liquidation, they had to aver that they would not share "any compensation, fees . . . with any other person or firm." Therefore, the defendants conclude that to the extent the Kansas judgment awarded the plaintiff a portion of the defendants' bankruptcy court fees, it impermissibly overrules the order of the bankruptcy court. The defendants' affidavit contains an averment that a bankruptcy court issued an order prohibiting the defendants from sharing fees. In further support of the existence of the order, the defendants provide various copies of documentation purportedly submitted to the bankruptcy court. The defendants, however, fail to furnish the actual bankruptcy order and without proper documentation, this court cannot determine the preclusive effect, if any, such an order may have had on the jurisdiction of the Kansas court. It is the defendants burden to establish the existence of a genuine issue and the defendants failure to present the relevant order is a failure to meet this burden. Accordingly, this court has insufficient evidence to deny summary judgment on this basis.
Similarly, the defendants' second argument, regarding the Kansas statute of limitations, does not raise a defect which would render the Kansas judgment void. The Kansas Supreme Court has stated that "[u]nder the provisions of K.S.A. [§] 60-512 a cause of action for breach of contract not in writing must be instituted within three years. It is axiomatic that the three year period commences to run from the date of the breach of the contract." Wolf v. Brungardt, 215 Kan. 272, 524 P.2d 726
(1974). In deciding whether a time limitation contained within a statute is subject to waiver, the court must determine whether the limitation is substantive or procedural in nature. Ecker v. West Hartford, 205 Conn. 219,231, 530 A.2d 1056 (1987). "A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. . . . Where the limitation is deemed procedural and personal it is subject to being waived." (Citations omitted.) Id. In this case, the statute of limitations does not create the right of action for breach of an oral contract, it merely provides a procedural time frame for the bringing of such an action. Therefore, the statute of limitations is a waivable defect in this case and thus, not a defect which would render the Kansas judgment void. For this reason, the defendants have failed to establish a genuine issue of material fact.
As there is no genuine issue of material fact as to the validity of the Kansas judgment, the plaintiff is entitled to summary judgment as a CT Page 3548 matter of law. Accordingly, the plaintiff's motion for summary judgment as to the third and fourth counts of the complaint is hereby granted.
So Ordered.
D'ANDREA, J.T.R.